UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Cedric Redmond, individually and on Behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FQSR LLC d/b/a KBP Foods, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. ) ) ) ) ) |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant FQSR LLC d/b/a KBP Foods ("Defendant"), by and through its attorneys, Joel W. Rice and Franklin Z. Wolf of Fisher & Phillips LLP, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, submits this Notice of Removal to remove this cause from the Circuit Court of Cook County, in which it is now pending as Case No. 2020CH06194, to the United States District Court for the Northern District of Illinois. In support of its Notice of Removal, Defendant states as follows:

### Introduction

Defendant submits this Notice of Removal pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). Pursuant to the aforesaid statute, the causes of action identified in Plaintiff Cedric Redmond's Class Action Complaint meet the requisite diversity and amount in controversy requirements. For the reasons more fully stated herein, the Court should remove this case to the United States District Court for the Northern District of Illinois.

### Argument

**I.  Statement of Jurisdiction**

The Class Action Fairness Act of 2005 ("CAFA") vests with federal district courts "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or

value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is citizen of a State different from any defendant . . . ." *See* 28 U.S.C. § 1332(d)(2). For the reasons presented in Section VI of this notice of removal, both the prongs of this statute are met: the Plaintiff is a citizen of Illinois, the Defendant is not a citizen of Illinois, and the amount in controversy exceeds $5 million.

## II. Venue

This action was originally filed in the Circuit Court of Cook County. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## III. Procedural History

On October 8, 2020, Plaintiff Cedric Redmond ("Plaintiff") filed an unverified putative class and representative action complaint for damages and civil penalties in the Circuit Court of Cook County, entitled *Cedric Redmond, individually and on behalf of all others similarly situated, v. FQSR LLC d/b/a KBP Foods,* Case No. 2020CH06194 ("Complaint"). On October 19, 2020, Plaintiff served his Complaint on the registered agent for Defendant. *See* Complaint, attached as Exhibit A; *see also* Notice of Service of Process, attached as Exhibit B.

The Complaint alleges one cause of action against Defendant. Namely, Plaintiff alleges that Defendant failed to obtain prior written consent to collect Plaintiff's and the putative class's biometric information pursuant to the Illinois Biometric Information Privacy Act, 740 ILCS 14 *et seq.* ("BIPA"). By virtue of those allegations, Plaintiff seeks "liquidated damages for each of Defendant's violations of BIPA pursuant to 740 ILCS 14/20," among other things. *See* Ex. A, ¶ 53. Further, Plaintiff seeks to represent the following class:

> All residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by KBP while residing in Illinois.

*See* Ex. A, ¶ 36.

### IV. Timeliness of Removal

Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such an action or proceeding is based. . . ." Here, Plaintiff served Defendant on October 19, 2020 and Defendant filed the present Notice of Removal on November 17, 2020. Therefore, Defendant has satisfied the requirements of 28 U.S.C. § 1446(b).

### V. Removal is Subject to a Liberal Pleading Standard

In 2014, the United States Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure and that, accordingly, such notices need not attach evidence nor meet a burden of proof, but rather need contain only a "short and plaint statement of the grounds for removal." *Dart Cherokee Basin Operating Co. LLC v. Owens,* 574 U.S. 81, 83-85 (2014), *quoting* 28 U.S.C. § 1446(a). This governing principle also applies to a removing party's allegations as to the amount in controversy. *Id.* "When a complaint fails to allege the amount of damages, the removing defendant must only assert a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. No antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *See Abraham v. State Farm Mutual Automobile Insurance Company*, 2020 WL 1433782, *3 (N.D. Ill. 2020) (internal quotations omitted), *citing Dart Cherokee*, 574 U.S. at 89. Only if the court or another

3

party contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of the evidence standard. *Dart Cherokee*, 574 U.S. at 82.

### VI.   The Court has Jurisdiction Pursuant to the Class Action Fairness Act

On February 18, 2005, Congress enacted CAFA.  CAFA gives United States District Courts original jurisdiction over civil class action lawsuits in which any member of the putative class is a citizen of a state different from any defendant and in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. While there are a number of exceptions to this rule of original jurisdiction contained in 28 U.S.C. §§ 1332(d)(3)-(5), no such exceptions apply here.

There is no "presumption against removal" when a defendant seeks to remove pursuant to the CAFA. *Dart Cherokee*, 574 U.S. at 89. This Court has original jurisdiction over the case under the CAFA in that the case is a civil putative class action wherein the matter in controversy exceeds the sum of $5 million, exclusive of interests and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different than that of Defendant. *See* 28 U.S.C. § 1332(d).

Plaintiff's Complaint asserts that he is bringing this action on behalf of himself and "a Class of similarly situated individuals."  *See* Ex. A, ¶ 36.  As noted above, the class Plaintiff seeks to represent is comprised of:

> All residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by KBP while residing in Illinois.

*See* Ex. A, ¶ 36.

Because there are more than 100 putative class members, CAFA's exception for classes of fewer than one hundred (100) persons does not apply. *See* 28 U.S.C. § 1332(d)(5)(B). *See* Declaration of Ben Johnson, attached as Exhibit C, ¶ 7.

Under 28 U.S.C. § 1453(b) "a class action may be removed to a district court of the United States in accordance with section 1446 (except that the one-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens, when one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or when one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a). Further, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *See* 28 U.S.C. § 1332(d)(10).

### A. Diversity is Satisfied Because Plaintiff is a Citizen of Illinois and Defendant is Not a Citizen of Illinois

Plaintiff is a resident of the State of Illinois and was employed by Defendant in the State of Illinois at all times relevant to this action. *See* Ex. A, ¶¶ 7, 28. Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Plaintiff, therefore, is a citizen of the State of Illinois. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled). Moreover, the putative class purports to include current and former employees located in Illinois as well. *See* Ex. A, ¶¶ 7, 28.

Meanwhile, for purposes of CAFA removal, limited liability companies are deemed to be citizens of the state where they have their principal place of business and the state under whose laws they are organized. "Although an LLC's citizenship is the citizenship of its members for purposes of diversity jurisdiction, this rule doesn't apply to jurisdiction under CAFA." *See Kurth v. Arcelormittal USA, Inc.*, 2009 WL 3346588, FN 2 (N.D. Ind. 2009) (internal citations omitted). "As part of CAFA, Congress chose to modify existing case law concerning the citizenship of unincorporated associations." *See Bond v. Veolia Water Indianapolis, LLC*, 571 F.Supp.2d 905, 909 (S.D. Ind. 2008), *citing* 28 U.S.C. § 1332(d)(10). CAFA provides that an "unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Therefore, limited liability companies (by virtue of their status as "unincorporated associations") are citizens of their states of organization and their principal places of business. *See Bond*, 571 F.Supp.2d at 909-912.

Pursuant to the foregoing, Defendant is a citizen of Delaware and Kansas. Of note, the phrase 'principal place of business,' refers to where high-level officers direct, control, and coordinate the entity's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This is the entity's "nerve center." *Id.* at 78; *see Bond*, 571 F.Supp.2d at 913 (applying standard to limited liability companies in the context of CAFA). "[I]n practice [this] should normally be the place where the corporation maintains its headquarters…." *Id.* The headquarters is the place from which the corporation's business activities are directed, controlled, and coordinated. *Id.* Here, at all times since at least October 8, 2020 (the filing date of the Complaint), the following has been the case with regard to Defendant: (a) it has been a limited liability company duly organized and existing under the laws of the State of Delaware; (b) its corporate headquarters

6

and principal place of business has been located in Overland Park, Kansas; (c) Defendant controls, directs, and coordinates its business activities at its headquarters in Overland Park, Kansas; and (d) Defendant's "high level" officers and executives work at Defendant's Overland Park, Kansas headquarters. *See* Ex. C, ¶¶ 2-5. Therefore, Defendant is, and has been since the filing of this lawsuit, a citizen of the state of Delaware and Kansas. Based on the foregoing, diversity is established. *See* 28 U.S.C. § 1332(d)(10).

### B.     The Amount in Controversy Exceeds $5 Million[1]

Further, the amount in controversy in this matter meets or exceeds the requirements of CAFA, thereby establishing removal jurisdiction. CAFA authorizes removal of class action cases where, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million. *See* 28 U.S.C. § 1332(d). While the Complaint does not specify the total amount of monetary relief sought, Plaintiff seeks liquidated damages and statutory damages (among other things, including but not limited to attorneys' fees) on behalf of himself and the putative class, which entails approximately 3,000 individuals. *See* Ex. A, ¶ 53 and Prayer for Relief; *see also* Ex. C, ¶ 7. Notably, BIPA provides for liquidated damages in the amount of $1,000 per negligent violation (or actual damages, if higher), $5,000 per willful violation (or actual damages, if higher), attorneys' fees, and costs. *See* 740 ILCS 14/20. Although the Complaint lacks specifics as to whether Plaintiff seeks to establish negligent or willful violations of BIPA,[2] the latter would result in potential damages of at least $15 million on behalf of Plaintiff and the putative class. *See* Ex. A, ¶ 53 and Prayer for Relief; *see also* Ex. C, ¶ 7. These purported damages, even without attorneys' fees or the consideration of actual damages,

---

[1] Plaintiff and the putative class are not entitled to any damages whatsoever, as Defendant disputes any form of liability in connection with Plaintiff, the putative class, or the Complaint. Rather, this request for removal solely pertains to the purported amount in controversy between the parties.
[2] Defendant denies any alleged violation under either standard.

satisfies the $5 million amount in controversy requirement pursuant to CAFA. *See* 28 U.S.C. § 1332(d). Removal is therefore proper. *See id.*[3]

### VII. Notice to the Court and Parties

As required by 28 U.S.C. § 1446(d), a copy of the Notice and Petition for Removal will be attached to a pleading entitled Notice to Adverse Party and State Court of Defendant's Filing of Petition for Removal and promptly served on Plaintiff and filed with the Clerk of the Circuit Court of Cook County.

### Conclusion

Based on the foregoing, Defendant prays that the above-described action pending in the Circuit Court of Cook County be removed to the United States District Court for the Northern District of Illinois. If any question arises to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of their position that this action is subject to removal.

---

[3] Even if Plaintiff were to now assert only alleged negligent violations pursuant to BIPA, the amount in controversy nevertheless meets CAFA's requirements. Specifically, a recent decision in the Northern District of Illinois noted that each swipe at a biometric device constitutes a separate BIPA violation, rather than on a per-person basis. *See Cothron v. White Castle System, Inc.*, Case No. 19-cv-382 (N.D. Ill. Aug. 7, 2020). Although Defendant disputes this interpretation of BIPA, this standard would only require a putative class of 3,000 individuals to swipe a cumulative total of just 5,000 times to meet the amount in controversy standard for CAFA (*i.e.*, 5,000 swipes times $1,000 per swipe equals $5 million). *See* Ex. A, ¶ 53 and Prayer for Relief; *see also* Ex. C, ¶ 7. Such a calculation would only require each employee in the putative class to swipe in at the beginning of the workday and swipe out at the end of the workday. In fact, doing so would result in an amount in controversy of $6 million (*i.e.*, 6,000 swipes times $1,000 equals $6 million). Accordingly, under either a negligent or willful standard, the amount in controversy for CAFA is satisfied.

WHEREFORE, Defendant FQSR LLC d/b/a KBP Foods hereby notifies this Court, Plaintiff, and the Circuit Court of Cook County, that the above-captioned matter, now pending against it in the Circuit Court of Cook County, should be removed to this Court.

Dated: November 17, 2020          Respectfully submitted,

                                            */s/ Joel W. Rice*
                                            One of the Attorneys for Defendant

Joel W. Rice
Franklin Z. Wolf
**FISHER & PHILLIPS LLP**
10 S. Wacker Drive, Suite 3450
Chicago, Illinois 60606
(312) 346-8061
jrice@fisherphillips.com
fwolf@fisherphillips.com

## **CERTIFICATE OF SERVICE**

      I certify that, on November 17, 2020, I served the foregoing Defendants' Notice of Removal by email, upon:

David Fish
John Kunze
Mara Baltabols
The Fish Law Firm, PC
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563

Dated: November 17, 2020                  Respectfully submitted,

                                           */s/ Joel W. Rice*
                                           One of the Attorneys for Defendants

Joel W. Rice
Franklin Z. Wolf
**FISHER & PHILLIPS LLP**
10 S. Wacker Drive, Suite 3450
Chicago, Illinois 60606
(312) 346-8061
jrice@fisherphillips.com
fwolf@fisherphillips.com