UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CEDRIC D. REDMOND, Individually and on behalf all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FQSR LLC d/b/a KBP FOODS, <br><br> Defendant. | Case No. 20-cv-6809 <br><br> Judge Thomas M. Durkin |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

Defendant FQSR LLC d/b/a KBP Foods ( "KBP Foods" or "Defendant"), by and through its attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby submits its Memorandum of Law in Support of its Motion to Dismiss Plaintiff Cedric Redmond's ("Plaintiff") Class Action Complaint.

**<u>Introduction</u>**

Plaintiff, who waited more than two years after leaving KBP Foods to file suit, seeks to advance class action claims against KBP Foods for alleged violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA" or the "Act"). *See* Dkt. 1-1. Plaintiff alleges that KBP Foods unlawfully collected, stored, and disclosed employees' biometric data without prior notice or consent. *Id.* at ¶ 36.

Plaintiff's BIPA claim should be dismissed by this Court in its entirety because it is barred by the applicable statute of limitations. BIPA does not set forth a statute of limitations, but closely analogous invasion-of-privacy claims are governed by a one-year limitations period, which should

unequivocally apply here. Further, even if the Court should determine that the one-year limitations period does not apply to the present matter, Plaintiff's claims would nevertheless be barred by the two-year limitations period applicable to personal injuries and statutory penalties.

For each of these independent reasons, as described in greater detail below, this Court should enter an Order dismissing Plaintiff's Class Action Complaint in its entirety and with prejudice.

**Relevant Background**

Plaintiff's Complaint is one of a recent onslaught of class actions filed by employees against employers under BIPA following the Illinois Supreme Court's decision in *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186 (Ill. 2019). BIPA requires private entities possessing biometric data to publish written policies on data retention and destruction. 740 ILCS 14/15(a). It also requires private entities that "collect, capture, purchase, receive through trade, or otherwise obtain" a person's biometric data to: (i) inform the individual that the data is being collected or stored; (2) inform the individual of the purpose and length of the collection and storage; and (3) obtain written consent to collect the data. 740 ILCS 14/15(b). BIPA additionally prohibits certain private entities "in possession of" biometric date from selling and/or disclosing the data without consent or other authorization. 740 ILCS 14/15(c)-(d).

Plaintiff alleged that he was employed by KBP Foods through 2017.[1] *See* Dkt. 1-1, ¶ 28. During his employment, Plaintiff claims that KBP Foods required him to scan his fingerprint so that KBP Foods could use that data as an authentication method to track his time and, in doing so, KBP Foods stored Plaintiff's fingerprint data on its databases. *See* Dkt. 1-1, ¶ 29. Plaintiff does

---

[1] In fact, Plaintiff worked for KBP Foods until February 2018, but Plaintiff's minor inaccuracy in this regard is immaterial because he nevertheless filed his Complaint after the applicable limitations period ended, whether based upon his alleged termination date or what the company's records show. For purposes of this Motion, Plaintiff's allegation as to his separation date will be assumed as true.

not allege in his Complaint that he was harmed. *See* Dkt. 1-1, *generally*. Rather, Plaintiff only alleges that he and the putative class are purportedly entitled to recover statutory liquidated damages under BIPA. *See* Dkt. 1-1, ¶¶ 6, 35, 53.

On October 8, 2020, Plaintiff filed a single count class action complaint alleging KBP Foods violated BIPA because it purportedly failed to: (i) obtain written releases from Plaintiff and the putative class before it collected, used, and stored their biometric identifiers and biometric information; (ii) inform Plaintiff and the putative class in writing that their biometric identifiers and biometric information were being collected and stored; (iii) inform Plaintiff and the putative class in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used; and (iv) publicly provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and biometric information. *See* Dkt. 1-1. ¶¶ 48-52. On behalf of himself and a putative class, Plaintiff seeks: (i) injunctive and equitable relief; (ii) statutory liquidated damages pursuant to 740 ILCS 14/20; and (iii) attorneys' fees and costs. *See* Dkt. 1-1, ¶ 53.

## Argument

### I. The Court Should Dismiss Plaintiff's Complaint As It Is Barred By A One-Year Statute Of Limitations For Privacy Claims.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may raise the statute of limitations in a motion to dismiss if the "allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). "[D]ismissal under Rule 12(b)(6) is appropriate when a plaintiff effectively pleads himself out of court by alleging facts that are sufficient to satisfy a statute of limitations defense." *See O'Pere v. CitiMortgage Bank, N.A.*, 2015 WL 6859289, *2 (N.D. Ill. 2015). Here, Plaintiff's allegations are such that he cannot avoid KBP Foods' statute of limitations defense.

BIPA is silent on the applicable statute of limitations. Absent an explicit statute of limitations, this Court should apply the limitations period that governs the most analogous common law claim, or in this case, the one-year statute of limitations for privacy claims established by the common law and which is codified in 735 ILCS 5/13-201. *See* 735 ILCS 5/13–201 ("Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued."); *see also Doe A. v. Diocese of Dallas*, 234 Il.3d 393, 413 (Ill. 2009) ("The law is well established that the limitations period governing a claim is determined by the nature of the plaintiff's injury rather than the nature of the facts from which the claim arises."). Because Plaintiff does not allege any violations occurring after 2017, his claim is time-barred and must be dismissed in its entirety. *See* Dkt. 1-1, ¶ 28.

### A. Privacy Claims in Illinois

The Illinois common law historically recognized four categories of prohibited conduct resulting in a violation of an individual's privacy: (1) the unreasonable intrusion upon the seclusion of another; (2) a public disclosure of private facts; (3) publicity that reasonably places another in a false light before the public; and (4) an appropriation of another's name or likeness (commonly referred to as the "right of publicity"). *See Ainsworth v. Century Supply Co.*, 295 Ill.App.3d 644, 648 (1998). In 1999, the Illinois legislature codified the common law right of publicity as the Right of Publicity Act (762 ILCS 1075/1 *et seq.*), leaving the three remaining common law privacy claims.

The Right of Publicity Act, like BIPA, does not explicitly contain a statute of limitations. Illinois courts, however, have held that the one-year statute of limitations that applied at common law and is codified at 735 ILCS 5/13-201 still governs such privacy claims. *Blair v. Nevada Landing P'ship*, 369 Ill.App.3d 318, 323 (2nd Dist. 2006) ("since the Right of Publicity Act

completely supplanted the common-law tort of appropriation of likeness ... we find applicable the one-year statute of limitations that pertained to the common-law tort"); *see also, Bryson v. News America Publications, Inc.*, 372 N.E.2d 1207, 1222 (Ill. 1996) ("The limitations period of invasion of privacy claims…is one year after the cause of action accrues."); *Juarez v. Ameritech Mobil Commc'ns, Inc.*, 746 F.Supp. 798, 806 (N.D. Ill. 1990), *aff'd* 957 F.2d 317 (7th Cir. 1992) ("Under Illinois law actions for alleged violations of a plaintiff's right of privacy must be commenced within one year after the cause of action accrues."). Indeed, BIPA was modeled after the Right of Publicity Act and both statutes (i) regulate the use of an individual's private identifiers for commercial purposes or financial gain (*compare* 765 ILCS 1075/30(a) *to* 740 ILCS 14/15(c)); (ii) require written consent prior to collecting/using an individual's private identifiers (*compare* 765 ILCS 1075/30(a) *to* 740 ILCS 14/15(b)(3)); and (iii) regulate what happens to the private identifiers once the information is no longer needed and/or the individual in question is deceased (*compare* 765 ILCS 1075/25(a) *to* 740 ILCS 14/15(a)).

Parallel privacy rights have been held to a one-year statute of limitations. *See e.g.*, 735 ILCS 5/13-201 ("Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued."). Illinois courts have similarly applied a one-year statute of limitations to the causes of action of public disclosure of private facts (*Johnson v. Lincoln Christian College*, 150 Ill.App.3d 733, 745-746 (4th Dist. 1986)), the appropriation of name or likeness of another (*Leopold v. Levin*, 45 Ill.2d 434, 439, 444 (Ill. 1970)), and false-light publicity (*Bryson v. News America Publications, Inc.*, 174 Ill.2d 77, 104-05 (Ill. 1996)).

B.  **The Illinois Legislature's Intent, Along With The Plain Text of BIPA As A Whole, Demonstrate That The Illinois Legislature Codified A Right Of Privacy In Personal Biometric Information.**

As an extension to the various privacy rights already recognized in the state, Illinois enacted BIPA in response to potential privacy risks associated with certain private entities' collection, possession, and use of individuals' biometric data. 740 ILCS 14/15; Dkt. 1-1, ¶¶ 3-4; *see Liu v. Four Seasons Hotel, Ltd.*, 2019 IL App (1st) 182645, ¶ 30 (1st Dist. 2019) ("In short, [BIPA] is a privacy rights law that applies inside and outside the workplace."). BIPA's stated purpose is to protect the privacy of Illinois citizens' biometric information (hence the Act's name—Illinois Biometric Information Privacy Act) and prevent such information from getting into the wrong hands (i.e., being published). Indeed, Plaintiff himself acknowledges throughout his Complaint that BIPA is a right of privacy claim. *See* Dkt. 1-1, ¶ 3 ("This exposes employees to serious and irreversible privacy risks."), ¶ 5 (alleging that KBP Foods "disregarded its employees' statutorily protected privacy rights"), ¶ 27 ("Ultimately, KBP disregards its employees' statutorily protected privacy rights by violating the BIPA."), ¶ 52 ("By collecting, storing, and using Plaintiff's and the Class' biometric identifiers and biometric information as described herein, KBP violated Plaintiff's and the Class' rights to privacy in their biometric identifiers or biometric information as set forth in the BIPA, 740 ILCS 14/1, *et seq*.").

To further its intent to codify BIPA as a right of privacy claim, the Illinois legislature included several provisions that are analogous to other right of privacy laws . For example, BIPA prohibits the dissemination (i.e., publication) of biometric information without first obtaining consent. 740 ILCS 14/15(d). Analogously, the Right of Publicity Act states that "[a] person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person." 765 ILCS 1075/30.

Mirroring the Right of Publicity Act, BIPA similarly prohibits certain entities from using (e.g. "collect, capture, purchase, receive through trade or otherwise obtain") an individual's biometric data without having obtained prior written consent from an appropriate person. 740 ILCS 14/15(b). BIPA also prohibits certain entities from using an individual's biometric data for commercial purposes. 740 ILCS 14/15(c) ("No private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information."). Given the parallels between BIPA and the recognized privacy rights in Illinois (including the Right of Publicity Act and other claims governed by 735 ILCS 5/13-201), the same one-year statute of limitations should apply. *See PSI Res., LLC v. MB Fin. Bank, Nat. Ass'n*, 2016 IL App (1st) 152204, ¶ 39 ("Where two statutes of limitation arguably apply to the same cause of action, the one which more specifically relates to the action must be applied").[2]

        **C.    Plaintiff's BIPA Claim Is Barred By The One-Year Statute Of Limitations.**

Generally, a cause of action accrues and the limitations period begins to run when facts exist that authorize one party to maintain an action against another. *Feltmeier v. Feltmeier*, 207 Ill.2d 263, 278 (Ill. 2003); *Fetzer v. Wood*, 211 Ill.App.3d 70, 78 (2nd Dist. 1991). Indeed, a plaintiff's cause of action usually accrues at the time his or her interest is invaded, which in this case would be when Plaintiff began using KBP Foods' timeclocks. *Bank of Ravenswood v. City of Chicago*, 307 Ill.App.3d 161, 167 (1st Dist. 1999). An exception to the general rule exists when the alleged conduct is repeated. *See Feltmeier*, 207 Ill.2d at 278; *Belleville Toyota, Inc. v. Toyota*

---

[2] To date, there is no Illinois appellate court authority on the statute of limitations governing BIPA claims. However, the issue of whether the one-year statute of limitations should apply here is presently before the First District Appellate Court in *Tims v. Black Horse Carriers, Inc*., Case No. 1-28-0563. For this reason, KBP Foods has filed, contemporaneous with this motion to dismiss, a motion to stay these proceedings pending the Illinois appeals court's determination of this issue.

*Motor Sales, U.S.A., Inc.*, 199 Ill.2d 325, 345 (Ill. 2002). Under the "continuing violation rule," where the claim involves a repeated violation, the limitations period does not begin to run until the date of the last purported conduct or the date the purported violations cease. *Feltmeier*, 207 Ill.2d at 278; *Belleville Toyota*, 199 Ill.2d at 345. A continuing violation is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation. *Feltmeier*, 207 Ill.2d at 278.

Plaintiff alleged that, during his employment, KBP Foods required him to scan his fingerprint so that KBP Foods could use Plaintiff's fingerprint as an authentication method to track his time and, in doing so, KBP Foods stored Plaintiff's fingerprint data on its databases. *See* Dkt. 1-1, ¶ 29. Further, Plaintiff alleged that he was only employed by KBP Foods through 2017, and does not allege any subsequent conduct violating BIPA after his employment ended well over two years ago. *See* Dkt. 1-1, *generally*. Accordingly, Plaintiff's cause of action became untimely, at the latest, in January 2018—well over two years prior to the October 8, 2020 filing of his Complaint. As such, the dismissal of Plaintiff's entire Complaint is warranted here. *See* Dkt. 1-1, ¶ 24 (identifying allegedly improper disclosure), ¶ 36 (same); *see also Sepmeyer v. Holman*, 162 Ill.2d 249, 254 (Ill. 1994) ("Our cases have been uniform in holding that the legislature lacks the power to reach back and breathe life into a time-barred claim * * * [and][w]e find the issue well settled that the expiration of the statute of limitations creates a vested right beyond legislative interference"); *Clay v. Kuhl*, 189 Ill.2d 603 (Ill. 2000) ("under Illinois law, the barring of an action by a statute of limitations creates a vested right in favor of the defendant, and the action cannot later be revived"); *Board of Education of Normal School District v. Blodgett*, 155 Ill. 441, 446 (Ill. 1895) ("when the bar of a statute of limitations has become complete by the running of the full statutory period, the right to plead the statute as a defense is a vested right, which cannot be

8

destroyed by legislation, since it is protected therefrom by section 2 of the bill of rights, incorporated in the state constitution, which declares that 'no person shall be deprived of life, liberty or property, without due process of law'"). Plaintiff's Complaint is time-barred by the one-year statute of limitations.

## II. Alternatively, the Court Should Dismiss Plaintiff's Complaint As It Is Also Barred By A Two-Year Statute Of Limitations.

KBP Foods submits that the one-year statute of limitations should govern here. But, in the event that the one-year statute is held not to apply, Plaintiff's Complaint is nevertheless still barred by a two-year statute of limitations period. *See* 735 ILCS 5/13-202 ("Actions for damages for ***injury to the person***, or for false imprisonment, or malicious prosecution, ***or for a statutory penalty*** … shall be commenced within 2 years next after the cause of action accrued[.]") (emphasis added). Two independent grounds support the application of a two-year limitations period: (1) lawsuits pursuant to BIPA are for remedies based on alleged personal injuries and (2) BIPA imposes statutory penalties without regard to the actual damages suffered by Plaintiff.

As to the first ground, BIPA remains an action for personal injury despite being of statutory origin. *See Neikirk v. Cent. Illinois Light Co.*, 128 Ill.App.3d 1069, 1072 (3rd Dist. 1984) ("The fact that the alleged cause of action was statutory in origin does not remove plaintiff's personal injury claim from the purview of section 13–202, and thus, the civil action here is provided for by a specific limitation provision."). Moreover, injuries need not be physical in order to be "personal injuries" that are nevertheless governed by a two-year limitations period. *See Dahl v. Fed. Land Bank Assn. of W. Illinois*, 213 Ill.App.3d 867, 872 (3rd Dist. 1991) ("emotional harm is a species of 'injury to the person;'" "intentional infliction of emotional harm is governed by the limitation period set out in section 13-202 of the Code of Civil Procedure"); *see also Pavlik v. Kornhaber*, 326 Ill. App. 3d 731, 761 (1st Dist. 2001) (same). BIPA is, therefore, an "action for damages for

9

an injury to the person," which is under the purview of a two-year limitations period. *See* 735 ILCS 5/13-202; *see also* 740 ILCS 14/5(g) (noting that BIPA was designed to protect "public welfare, security and safety"); *see also Rosenbach*, 2019 IL at ¶ 34 (noting that injuries pursuant to BIPA are "real and significant"). Accordingly, Plaintiff's claims are, at minimum, barred by a two-year statute of limitations, and the Court should dismiss the Complaint in its entirety.

Turning to the second ground, causes of action that impose statutory penalties must be filed within two years of the accrual of the claim. *See* 735 ILCS 5/13-202. A "statutory penalty" is one that "(1) impose[s] automatic liability for a violation of its terms; (2) set[s] forth a predetermined amount of damages; and (3) impose[s] damages without regard to the actual damages suffered by the plaintiff." *Landis v. Marc Realty, LLC*, 235 Ill.2d 1, 13 (Ill. 2009). All of these factors are present here. It is undisputed that an individual need not establish (or even allege) actual harm in order to assert a cognizable claim pursuant to BIPA, nor has Plaintiff done so. *See Rosenbach*, 2019 IL at ¶ 28; *see also* Dkt. 1-1, ¶ 6 (seeking statutory liquidated damages without any alleged damages for actual harm), ¶ 35 (same), ¶ 53 (same). Plaintiff has instead pled automatic liability for the alleged violation of BIPA's terms, a liquidated sum in the predetermined amount of either $1,000 or $5,000 per violation, and a disregard of any alleged harm actually suffered by Plaintiff. *See* Dkt. 1-1, ¶¶ 6, 35, 53; *see also* 740 ILCS 14/20 (identifying sums of liquidated damages). For this reason also, a two-year limitations period applies and the Court should dismiss Plaintiff's Complaint.[3]

---

[3] As noted in FN 2 above, no Illinois appellate court has weighed in on the applicable limitations period for BIPA claims. In addition to the *Tims* appeal currently pending, there is another case pending before the Third District Appellate Court—*Marion v. Ring Container Tech., LLC,* Case No. 3-20-0184—in which the appeals court will be addressing whether a one, two or five-year statute of limitations should apply to claims brought under BIPA. The *Marion* appeal is also referenced in the stay motion being filed by KBP Foods contemporaneous with this motion.

**Conclusion**

For all the foregoing reasons, the Court should dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) because the allegations on their face demonstrate that his BIPA claim is time-barred by the applicable one-year statute of limitations; or, alternatively, his claim is time-barred by the two-year statute of limitations.

                                                Respectfully submitted,

By:    */s/ Joel W. Rice*
        One of the Attorneys for Defendant
        FQSR LLC d/b/a KBP Foods

Joel W. Rice
Franklin Z. Wolf
FISHER & PHILLIPS LLP
10 S. Wacker Drive, Suite 3450
Chicago, Illinois 60606
Telephone: (312) 346-8061
Facsimile: (312) 346-3179

## CERTIFICATE OF SERVICE

I, Joel W. Rice, hereby certify that I caused a true and correct copy of the foregoing **Defendant's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Class Action Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)** to be served upon the following via the CM/ECF electronic filing system on December 29, 2020:

David Fish
John Kunze
Mara Baltabols
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563

Respectfully submitted,

By: */s/ Joel W. Rice*
    One of the Attorneys for Defendant
    FQSR LLC d/b/a KBP Foods

Joel W. Rice
Franklin Z. Wolf
FISHER & PHILLIPS LLP
10 S. Wacker Drive, Suite 3450
Chicago, Illinois 60606
Telephone: (312) 346-8061
Facsimile: (312) 346-3179