# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CEDRIC REDMOND, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FQSR LLC dba KBP FOODS,<br><br>    Defendant. | Civil Action No. 1:20-cv-6809<br><br>Judge Thomas M. Durkin |

## PLAINTIFF'S COMBINED RESPONSE TO DEFENDANT'S
## MOTION TO DISMISS (ECF 14) AND MOTION TO STAY PROCEEDINGS (ECF 15)

David Fish (dfish@fishlawfirm.com)
Mara Baltabols (mara@fishlawfirm.com)
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590

*Attorneys for Plaintiff*

**INTRODUCTION**

Over a decade ago in 2008, and after a unanimous vote, Illinois enacted the Biometric Information Privacy Act ("BIPA") to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction" of individuals' biometric data. 740 ILCS 14/5(g). BIPA restricts a private entity from collecting or possessing an individual's biometric identifiers or information without following the law's strict but easy-to-follow requirements. Private entities must: (1) inform employees of information in writing and obtain a written release before collecting their biometric data and (2) maintain and follow a publicly-available retention/destruction policy. 740 ILCS 14/15(a), (b)(1)-(3).[1] Defendant failed to adhere to these requirements and violated BIPA.

Defendant's motion must be denied. Plaintiff's BIPA claims are timely under the applicable five-year catchall statute of limitations. Defendant's entire motion to dismiss is based upon the statute of limitations. Illinois state trial courts and federal courts have uniformly rejected the notion that a shorter limitations period applies under BIPA. There are dozens of written opinions issued in Illinois circuit and federal courts, including from this Court, explicitly rejecting Defendant's arguments.

Defendant's motion to stay must also be denied. This is particularly important in this case because, according to Defendant, a number of its Illinois workers were bound by a mutual agreement to arbitrate claims so that they may be barred from proceeding as part of this case. Defendant, very likely, will claim that if those arbitrations are not filed, the statute of limitations will continue to run against their claims. Defendant is refusing to provide records that would identify which employees are subject to such an arbitration agreement and which are not. As set

---

[1] BIPA contains other requirements not relevant to this action. 740 ILCS 14/15(c)-(e).

forth in Exhibit 1, Defendant is using this lawsuit as a basis to refuse to turn over its workers' personnel files when Plaintiff's counsel has received their permission to obtain the files. Those records would indicate whether the employees signed a mutual agreement to arbitrate claims as part of the onboarding process when they started their employment.

As an additional basis to deny a stay, it is unlikely that state appellate courts would rule in favor of a 1-year or 2-year statute of limitations. Dozens of courts have ruled that the applicable limitations period is 5 years. Accordingly, a stay of the proceedings will not streamline the issues for trial or reduce the burden of litigation on the parties.

## BACKGROUND

On October 8, 2020, Plaintiff filed a putative class action complaint in the Circuit Court of Cook County alleging violations of Sections 15(a) and 15(b) of BIPA. ECF 1-1. Defendant removed this action to this Court on November 17, 2020 based upon diversity and pursuant to the Class Action Fairness Act. ECF 1. In Plaintiff's complaint, he alleges that he worked for Defendant through 2017. ECF No. 1-1, Compl. ¶ 28. Plaintiff alleges that Defendant committed a violation of BIPA Section 15(a) by possessing Plaintiff's and other class members' biometric data without creating and following a publicly available retention and destruction policy. *Id.* ¶ 51. On December 19, 2020, Defendant filed a motion to dismiss arguing that Plaintiff's claims are barred under the 1-year or 2-year statute of limitations, instead of the default 5-year statute of limitations. ECF 13 & 14. In Defendant's motion it represented that Plaintiff worked for it through February 2018 but assumed Plaintiff's allegations to be true for the purposes of the motion to dismiss. ECF 14, p. 2. Despite the apparent discrepancy regarding dates of employment, Defendant seeks dismissal on the face of the pleadings based upon the statute of limitations. *Id.* p. 3.

1

**ARGUMENT**

I.  **The 5-Year Statute of Limitations Applies to Plaintiff's BIPA Claims**

Defendant mistakenly argues that a 1-year limitations period for publication-dependent privacy claims or, alternatively, that the 2-year statute of limitations for personal injury *or* statutory penalties applies to BIPA. Not so. The 5-year default statute of limitations applies. As recognized by Defendant in its brief, Plaintiff only alleges a violation of BIPA Sections 15(a) and 15(b). ECF No. 14, p. 3. In another federal BIPA case, this Court determined that the plaintiff's BIPA Section 15(a) and 15(b) claims survived a motion to dismiss brought based upon the statute of limitations. *See Meegan v. NFI Industries, Inc.*, No. 20 C 465, 2020 WL 3000281 (N.D. Ill. June 4, 2020). Defendant's argument in favor of a shorter statute of limitations under *three* separate theories (*i.e.* that BIPA is publication-based privacy claim, personal injury, or statutory penalty) is untenable; Defendant hedges several incompatible arguments. BIPA is none of the claims falling under the 1-year or 2-year limitations period.

*Dozens* of Illinois state courts have held that the 5-year statute of limitations applies.[2]

---

[2] The Illinois state court written decisions and transcripts are attached as Group Exhibit 3, *McGinnis v. United States Cold Storage, Inc.*, 19 L 9, at 3 (Cir. Ct. Will Cty. Nov. 4, 2020) (P. 1); *Mazya v. Northwestern*, 18 CH 07161, at 4 (Cir. Ct. Cook Cty., Nov. 2, 2020) (citing *Burlinski v. Top Golf USA, Inc.*, 2020 WL 5253150, at * 8 (N.D. Ill. 2020) (P. 8); *Hunter v. J.S.T.* Corporation, 19 CH 929, at 4-8 (Cir. Ct. Lake Cty., June 24, 2002) (P. 14); *Branch v. PBD Worldwide, Inc.*, 2019 L 802, at 7:14-24 (Cir. Ct. Will Cty. June 26, 2020) (order and transcript) (P. 23); *Watson v. Legacy Healthcare Fin. Servs. LLC d/b/a Legacy Healthcare et al.*, 19 CH 3425 (Cir. Ct. Cook Cty. June 10, 2020) (P. 34); *Owens v. Wendy's Int'l*, 18 CH 11423 (Cir. Ct. Cook Cty., June 8, 2020) (Judge Loftus) (referencing written decisions) (P. 41); *Young v. Tri City Foods, Inc.*, 18 CH 13114 (Cir. Ct. Cook Cty., June 8, 2020) (Judge Loftus) (P. 67); *Hunter v. JST Corp.*, 19 CH 929 (Lake Cty Il., June 24, 2020) (Judge Seneczko) (P. 93); *McDonald v. Symphony,* 17 CH 11311 (Cir. Ct. Cook Cty., June 17, 2019) (Judge Mitchell) (*McDonald I*) (P. 106); *Fluker v. Glanbia,* 17 CH 12993 (Cir. Ct. Cook Cty., July 11, 2019) (Judge Mitchell) (P. 102); *Robertson v. Hostmark,* 18 CH 5194 (Cir. Ct. Cook Cty., July 31, 2019) (Judge Cohen) (P. 110); *Mims v. Freedman,* 18 CH 9806 (Cir. Ct. Cook Cty., Aug. 22, 2019) (Judge Demacopoulos) (P. 116); *Chavez v. Temperature Equipment,* 19 CH 2358 (Cir. Ct. Cook Cty., Sept. 11, 2019) (Judge Jacobius) (P. 123); *Tims v. Black Horse,* 19 CH 3522 (Cir. Ct. Cook Cty., Sept. 23, 2019) (Judge Atkins) (*Tims*)

Illinois federal courts, including this Court in *Meegan*, have shadowed the Illinois state trial court consensus. *Meegan*, 2020 WL 3000281, at *2-*3 (finding that the section 15(a) and 15(b) claims were timely for purposes of a motion to dismiss, and specifically finding that the 5-year statute of limitations applies to section 15(b)). *See also Burlinski v. Top Golf USA, Inc.*, No. 19-cv-06700, 2020 WL 5253150, at *8 (N.D. Ill. Sept. 3, 2020) (denying Defendant's arguments on a motion to dismiss that Plaintiff's claims are time-barred under a shorter statute of limitations); *Bryant v. Compass Grp. USA, Inc.*, No. 19 C 6622, 2020 WL 7013963, at *1 (N.D. Ill. Nov. 29, 2020) ("Illinois law…is clear that civil actions for which no limitations period is specified are subject to a five-year limitations period. BIPA actions are subject to the five-year default limitations period provided for in 735 ILCS 5/13-205."). *See, e.g., Stauffer v. Innovative Heights Fairview Heights, LLC,* No. 3:20-CV-00046-MAB, 2020 WL 4815960, at *11 (S.D. Ill. Aug. 19, 2020) (predicting that the 5-year period applies to BIPA).

### A. BIPA is a Statutory Cause of Action Silent on the Applicable Statute of Limitations and Section 13-205 Applies

The 5-year statute of limitations generally applies to Illinois statutes without a limitations

---

(P. 136); *Roach v. Walmart,* 19 CH 1107 (Cir. Ct. Cook Cty., Oct. 25, 2019) (Judge Meyerson) (P. 139); *McDonald v. Symphony,* 17 CH 11311 (Cir. Ct. Cook Cty., Oct. 29, 2019) (Judge Mitchell) (*McDonald II*) (P. 143); *Carasco v. Freudenberg,* 19 L 279 (Cir. Ct. Kane Cty., Nov. 15, 2019) (Judge Pheanis) (P. 148); *Cortez v. Headly Mfg.,* 19 CH 4935 (Cir. Ct. Cook Cty., Nov. 20, 2019) (Judge Demacopoulas) (P. 151); *Woodard v. Dylan's Candybar,* 19 CH 5158 (Cir. Ct. Cook Cty., Nov. 20, 2019) (Judge Demacopoulas) (P. 160); *Figueroa v. Tony's Finer Foods,* 18 CH 15728 (Cir. Ct. Cty., Dec. 10, 2019) (Judge Moreland) (P. 175); *Heard v. THC-North Shore,* 17 CH 16917 (Cir. Ct. Cook Cty., Dec.12, 2019) (Judge Valderrama) (P. 183); *Marion v. Ring Container,* 19 L 89 (Cir. Ct. Kankakee Co., Jan. 24, 2020) (Judge Albrecht) (*Marion I*) (P. 201); *Tims v. Black Horse,* 19 CH 3522 (Cir. Ct. Cook Cty., Feb. 26, 2020) (Judge Atkins) *(Tims II)* (P. 205); *Smith v. Top Die,* 19 L 248 (Cir. Ct. Winnebago Cty., Mar. 12, 2020) (Judge Honzel) (P. 207); *Cortez v. Headly,* 19 CH 4935 (Cir. Ct. Cook Cty., Mar. 13, 2020) (Judge Demacapaulos) (P. 212); *Marion v. Ring Container*, 19 L 89 (Cir. Ct. Kankakee Co., April 20, 2020) (Judge Albrecht) *(Marion II)* (P. 216).

period. *See e.g.*, *Montague v. George J. London Mem'l Hosp.*, 78 Ill. App. 3d 298, 304 (1st Dist. 1979) (the general rule is that a statutory right of action is a "civil action not otherwise provided for" for purposes of the 5-year default limitations period). The Illinois Supreme Court has held that the "[t]he determination of the applicable statute of limitations is governed by the type of injury at issue, irrespective of the pleader's designation of the action." *Travelers Cas. & Sur. Co. v. Bowman,* 229 Ill. 2d 461, 466 (2008) (quoting *Armstrong v. Guiglar*, 174 Ill. 2d 281, 286 (1996)). "The focus of the inquiry is on the nature of the liability and not on the nature of the relief sought." *Id.* The nature of the liability for Plaintiff's claims is the collection and possession of biometric data without complying with BIPA's statutory requirements. 735 ILCS 14/15(a), (b).

Section 20 of BIPA grants a private right of action to any person aggrieved by a violation of the statute. 740 ILCS 14/20. The Illinois Supreme Court has held that "an individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act [BIPA], in order to qualify as an 'aggrieved' person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act." *Rosenbach*, 2019 IL 123186, ¶ 40. The injury alleged in this case is under BIPA Section 20 for a violation of BIPA's informed consent and policy retention/destruction requirements. *See Id.* at ¶ 37. The true nature of the liability stems from a violation of rights provided by BIPA. The fact that BIPA also protects privacy interests in biometric data does not bring it within the confines of Section 13-201.

**II.      The One-Year Period of Section 13-201 Does Not Apply Because Plaintiff Does Not Allege Publication and Publication is Not an Element of Plaintiff's Claims**

By its express terms, Section 13-201 applies only to claims involving "publication," which Plaintiff does not and need not allege. Section 13-201 states that the one-year statute of limitations governs **only** libel, slander and privacy torts ***involving publication***." *Benitez v. KFC Nat. Mgmt. Co.*, 305 Ill. App. 3d 1027, 1034 (1999) (emphasis added) (refusing to apply one-year limitations

4

period for privacy tort of intrusion upon seclusion). Black's Law Dictionary defines "publication" as "the act of declaring or announcing *to the public*." *Black's Law Dictionary* (10th ed. 2014) (emphasis added). Plaintiff's complaint does not include any publication-related allegations.

Plaintiff only alleged a violation of BIPA's notice and consent provision, and the retention and destruction guidelines provision (Section 15(a) and 15(b)). Publication is clearly not an element of Section 15(b). The same is true for a Section 15(a) claim. Those are the only two claims in Plaintiff's complaint. Neither provision says anything about an individual's private matters being publicized. *See Meegan*, No. 20 C 465, 2020 WL 3000281, at *2-*3 (N.D. Ill. June 4, 2020) ("BIPA *subsections* (a) and (b) do not have a publication element, so § 13-201 [the one-year limitations period for certain privacy claims] cannot provide the statute of limitations for subsections (a) or (b)"); *Burlinski*, 2020 WL 5253150, at *6 (publication is not an element of a Section 15(b) claim for 13-201 to apply).

The nature of the liability under Section 15(b) stems from a failure to follow informed written consent requirements. 740 ILCS 14/15(b). The nature of the liability under Section 15(a) of BIPA emanates from possession of biometric data without establishing and following a policy for destruction of biometric data once the purpose for collection is satisfied or within three years of a person's last interaction with the collector, whichever is sooner (here the former). *Id.* at 15(a).

### A. IRPA is Distinguishable from BIPA

Defendant urges that this Court recognize similarities between BIPA and the Illinois Right of Publicity Act ("IRPA"), relying upon *Blair v. Nevada Landing P'ship,* 369 Ill. App. 3d 318, 323 (2d Dist. 2006). ECF 14, pp. 4-5. Unlike IRPA, BIPA lacks a statutory publication element and a common law predecessor with a publication element. 765 ILCS 1075/5, 30; *Blair*, 369 Ill. App. 3d at 323. IRPA replaced a common law tort founded upon publication. BIPA created a

statutory cause of action. There is no "privacy tort involving publication" codified in BIPA. *See* 735 ILCS 5/13-201. The IRPA requires a plaintiff to allege the "public use or holding out" of his or his identity. 765 ILCS 1075/5, 30; *Blair*, 369 Ill. App. 3d at 323 ("([S]ince the [IRPA] completely supplanted the common-law tort of appropriation of likeness[], we find applicable the one-year statute of limitations that pertained to the common-law tort"). Unlike the IRPA, BIPA lacks a statutory publication element and a common law predecessor with a publication element.

Attempting to find support for its contention that BIPA is "modeled after [IRPA]" (ECF 14, p. 5), Defendant cites a slew of inapplicable cases. Defendant's citation to *Bryson* actually supports Plaintiff's position because it involved a publication element that fell under the purview of Section 13-201. *Bryson v. News Am. Publ'ns, Inc.*, 174 Ill. 2d 77 (1996). In that case, the plaintiff sued alleging defamation and invasion of privacy after defendants wrote and published a magazine article which allegedly portrayed her in a false light. *Id*. at 107. The court held that a one-year limitations period applied to the invasion of privacy claim because it was "based upon the same publication" as that of the defamation claim. *Id*.

> **B. This Court Should Disregard Defendant's Reference to Section 15(d), or Reliance Upon the "Disclose" or "Disseminate" Language in Section 15(d), but These Terms Do Not Equate to "Publication"**

Defendant cites Section 15(d) of BIPA to support its contention that BIPA codifies a right to privacy. ECF 14, p. 6. Plaintiff did not allege a violation of Section 15(d), which prohibits disclosure and dissemination of biometric data without consent. 740 ILCS 14/15(d). Even if the language of Section 15(d) is taken into consideration, the use of "disclose" or "disseminate" within its text is still a far cry from "publication" insofar as the term is understood in other privacy related torts. *Miller v. Motorola, Inc.*, 202 Ill. App. 3d 976, 980 (1st Dist. 1990). *See also Burlinski,* 2020 WL 5253150, at *6 ("[N]othing in the text of BIPA requires "publication" as an element of a

Section 15(d) claim.") (citing *Benitez*, 714 N.E.2d 1007).

Plaintiff anticipates that Defendant will reference *West Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.,* 2020 IL App (1st) 191834, 2020 WL 1330494 (1st Dist. 2020) in its reply. *See also Meegan*, 2020 WL 3000281, at *3 (citing *West Bend*). In *West Bend*, the complaint at issue alleged a violation of BIPA's Section 15(d), wherein the plaintiff's biometric data had been disclosed to a third-party without consent, and a dispute arose between the defendant and its insurer over whether an insurance policy covering personal injury provided coverage for certain BIPA claims in the underlying action. The Illinois appellate court, applying the well-established principle of Illinois law that insurance contracts must be construed heavily in favor of the insured[3], upheld the trial court's ruling that the insurer had a duty to defend the insured under the contract because it plausibly triggered the policy's coverage for "publication." *Id*. at ¶¶ 1, 14-16, 38, 47, 58. The federal court in *Burlinski* flagged this distinction and determined that *West Bend* had no bearing on the statute of limitations issue in that case. 2020 WL 5253150, at *7 (citing *West Bend*) ("There, the Illinois Appellate Court held that a BIPA disclosure claim *did* count as a publication—but only in the context of interpreting an insurance policy, and not for purposes of interpreting 735 ILCS 5/13-201. So that case has no bearing on the statute-of-limitations issue here.").

### C. Plaintiff's Section 15(a) Claims Continue to Accrue

At a minimum, there is no basis to eliminate Plaintiff's valid Section 15(a) claim for the three years following his last day at the company, Defendant continued its unlawful practices of failing to institute, maintain, and adhere to a publicly-available retention schedule (*See* 740 ILCS 14/15(a)). As this Court articulated in *Meegan*, "Even if the one-year statute of limitations in § 13-

---

[3] *See, e.g., United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 73–74, (1991).

201 applies, Meegan's claim under subsection (a) that [defendant] has failed to destroy her fingerprint information is not time-barred because, based on [plaintiff's] allegations, the claim did not accrue until three years after she left [defendant]." 2020 WL 3000281, at *2-*3. BIPA section 15(a) requires that Defendant destroy the fingerprint information "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a). Plaintiff alleges that Defendant failed to inform employees of "purpose" for collecting biometric information. Compl. ¶ 24. Plaintiff alleges that Defendant failed to provide a publicly-available retention and destruction policy. *Id.* ¶ 25. Without providing for a shorter period for retention, Defendant could only retain the biometric data for up to three years from Defendant's last day of work. Plaintiff alleges that he worked for Defendant through 2017. The Complaint was conceivably filed within one year of when Plaintiff's destruction claim under 15(a) accrued.

Plaintiff acknowledges this Court's prior ruling in *Meegan*, however, the plain language of Section 15(a) also supports that a claim could timely accrue upon the employee's last day with the company—as that date could reasonably be construed as the date when the "purpose" of the collecting the biometric data has been satisfied. 740 ILCS 14/15(a). With that said, and in consideration of the accrual date recognized in *Meegan,* the Section 15(a) claim is timely.

### D. A 1-Year Limitations Period Would Not Further BIPA's Intended Purpose and the Legislative History and Intent Support the 5-Year Limitations Period

Defendant argues that a shorter statute of limitations would be consistent with legislative intent and BIPA's stated purpose. ECF 14, pp. 6-7. The language of a statute is the best indicator of legislative intent. Legislative intent only comes into play where the plain language of the statute is susceptible to more than one meaning. *Wellington Homes, Inc. v. W. Dundee China Palace Rest., Inc*., 2013 IL App (2d) 120740, ¶ 19 (citing *In re Application of the County Treasurer*, 214 Ill. 2d

8

253, 258 (2005). *See also Helland v. Larson*, 138 Ill. App. 3d 1, 4 (1st Dist. 1985) ("The interpretation and construction of statutory provisions is generally governed by the rule that legislative intent should be ascertained primarily from the language used in the statute."). The words of BIPA are plain and unambiguous. BIPA provides a statutory cause of action silent on the applicable statute of limitations. Therefore, the 5-year limitations period under Section 13-205 applies and legislative intent is immaterial.

If legislative intent were material, shortening the statute of limitations to less than five years would be contrary to BIPA's intended purpose and structure. In interpreting the plain language of a statute, "[t]he court may consider the reason for the law, the problems sought to be remedied, and the purposes to be achieved." *Italia Foods v. Sun Tours, Inc.*, 2011 IL 110350, ¶ 12. The purpose of BIPA was to provide broad protections for biometric data, this is articulated in the legislative findings of the statute. 740 ILCS 14/5. *See also Sekura*, 2018 IL App (1st) 180175, ¶ 58 ("The legislative purpose is easy to discern because the legislature provided a section in the Act entitled: "Legislative findings; intent.") (citing 740 ILCS 14/5). The legislature recognized that there is little recourse to individuals once their biometrics are compromised and that public welfare, safety, and security are served by regulating the collection, use, and destruction of biometric data. *See* 740 ILCS 15/5. "The Act's goal is to prevent irretrievable harm from happening and to put in place a process and rules to reassure an otherwise skittish public." *Sekura*, 2018 IL App (1st) 180175, ¶ 59. A longer statute of limitations would further BIPA's broad protections.

### III.  The Two-Year Period of Section 13-202 Does Not Apply Because a BIPA Injury is Not Injury to the Person

Defendant is equally mistaken in claiming that the two-year limitations period for personal injury torts applies. The operative portion of Section 13-202 provides, "Actions for damage for injury to the person…shall be commenced within 2 years next after the cause of action accrued…."

9

735 ILCS 5/13-202. Section 202 has been interpreted narrowly. *Smith v. Nat'l Health Care Servs. of Peoria*, 934 F.2d 95, 97 (7th Cir. 1991). "The two year limitations period in section 13–202 applies where plaintiff has suffered *direct* physical or mental injury." *People ex rel. Ill. Dep't of Labor v. Tri State Tours, Inc.*, 342 Ill. App. 3d 842, 848 (2003) (emphasis added) (declining to apply 13-202 to a claim brought under the State Wage and Collection Act). In this case, Plaintiff "has alleged no direct physical or mental injury and therefore section 13-202 is inapplicable." *Id. See also Burlinski,* 2020 WL 5253150, at *7 ("Defendant "fails to explain why an alleged violation of purely statutory rights under BIPA – which is meant to give the Plaintiffs some degree of control over the collection and disclosure of their biometric data – should count as an 'injury to the person' as that phrase is used in 735 ILCS 5/13-202."). Illinois trial courts have also uniformly rejected this argument.[4]

Plaintiff does not allege that Defendant injured his physically or emotionally. Instead, he alleges that Defendant violated his statutory rights under BIPA. These statutory rights grant individuals the right to control the circumstances under which companies obtain, possess, and disclose their biometric data. *Rosenbach*, 2019 IL 123186, ¶ 34. There is no credible argument that violation of this right of control constitutes an "injury to the person." 735 ILCS 5/13-202. Indeed, whether physical or mental injury was an element of a BIPA claim was the primary question presented by *Rosenbach*, in which the Supreme Court decisively ruled they were not. 2019 IL 123186, ¶ 37. In this case, Plaintiff "has alleged no direct physical or mental injury and therefore section 13-202 is inapplicable." *People ex rel. Ill. Dep't of Labor v. Tri State Tours, Inc.*, 342 Ill.

---

[4] State courts have unanimously rejected that the two-year statute of limitations for personal injury claims applies to BIPA claims. *See* Exhibit 3 at *Woodard v. Dylan's Candybar, LLC*, 19 CH 05158, at 14 (Cir. Ct. Cook. Cty., Nov. 20, 2019) (P. 160); *Owens*, LLC, 18 CH 11423, at 24 ("BIPA certainly does not present a personal injury.") (P. 41); *McGinnis*, 19 L 9, at 3 (P. 1).

App. 3d 842 (1st Dist. 2003) (declining to apply 13-202 to a claim brought under the State Wage and Collection Act). The flaws in Defendant's argument are self-evident.

Defendant turns to cases that involve claims for intentional infliction of emotional distress. In *Dahl v. Fed. Land Bank Assn. of W. Illinois*, 213 Ill. App. 3d 867, 872 (3d Dist.1991) and *Pavlik v. Kornhaber*, 326 Ill. App. 3d 731, 761 (1st Dist. 2001), the plaintiffs brought a claim for intentional infliction of emotional harm, not a statutory cause of action. These cases are also inapplicable because the plaintiffs were actually seeking relief for an emotional injury. *See id.* Defendant also cites to *Neikirk v. Cent. Illinois Light Co.*, 128 Ill. App. 3d 1069, 1072 (3d Dist. 1984), a case where the plaintiff was seeking to recover fom a serious personal injury. Here, Plaintiff only seek liquidated damage under BIPA Section 20.

### IV. The Two-Year Period of Section 13-202 Does Not Apply Because BIPA is Not a Penal Statute

Defendant is equally mistaken in claiming that the two-year limitations period for a "statutory penalty" applies. This Court already disposed of this argument in *Meegan*, 2020 WL 3000281, at *4 ("BIPA is not penal, but remedial."), Another federal court reviewed the statutory penalty limitations period and concluded that it does not apply to BIPA. *See Burlinski,* 2020 WL 5253150, at *7. Illinois courts have consistently held that BIPA functions as a remedial statute, not solely a penal one.[5] Further, because actual damages are in play in BIPA, it's not true that the statute sets a predetermined amount of damages. *Landis v. Marc Realty, L.L.C.*, 235 Ill. 2d 1, 13 (Ill. 2009) (stating that a statutory penalty must set a predetermined amount of damages).

BIPA's damages provisions mirror the structure of the damages provisions in the Telephone Consumer Protection Act ("TCPA"). Under the TCPA a party may recover "actual

---

[5] *See* Exhibit 3 at *Heard,* 17 CH 16917, at pp. 8-10 (P. 183); *Woodard,* 19 CH 5158, at pp. 10-13 (P. 160); *Robertson,* 18 CH 5194, at pp. 4-5 (P. 110).

11

monetary loss" or "$500 in damages for each violation, whichever is greater." 47 U.S. Code § 227(b)(3)(B). And for willful and knowing violations, a party may recover up to "3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C, § 227(b)(3)(C). The Illinois Supreme Court analyzed these damages provisions in the TCPA and held that they were remedial, not penal. *Standard Mut. Ins. Co. v. Lay*, 2013 IL 114617, ¶¶ 30-34. In so holding, the Illinois Supreme Court explained that instead of being a punitive scheme only, the $500 liquidated sum was meant to incentivize parties "to enforce the statute." *Id.* at ¶ 32. So too with BIPA: the liquidated damages scheme encourages plaintiffs to enforce the statute. *Id.* at 10.

## V. The Request for A Stay Should be Denied

The Plaintiff's counsel represents several other former employees of Defendant. Some of Defendant's former employees are subject to binding arbitration and others are not. (Exhibit 2 is an example of Defendant's arbitration agreement). Until recently, when the Plaintiff's counsel requested copies of its clients' personnel files (to determine whether they had binding arbitration agreements), Defendant's counsel was cooperative and provided this information. This all changed recently. As set forth on Exhibit 1, Defendant has now refused to tell Plaintiff's counsel whether its clients are subject to a mutual agreement to arbitration. This guessing game is problematic because if it turns out that these individuals are subject to a mutual agreement to arbitrate and not included in this case, then Defendant may attempt to argue that the statute of limitations continued to run as to those persons who cannot be in this lawsuit. As such, to the extent that the Court is inclined to stay the case, it should be conditioned upon Defendant providing the personnel files for those persons who are represented by the Plaintiff's counsel.

### A. Defendant Has Failed to Meet its Burden for a Stay

In any event, a stay is not appropriate because Defendant has failed to show sufficient basis for a stay of all proceedings in this case pending appeal in Illinois appellate courts, *Tims v. Black Horse Carriers*, No. 1-20-0563 (1st Dist.) and *Marion v. Ring Container Technologies, LLC*, No. 3-20-0184 (3d Dist.). The universal agreement among Illinois state and federal courts supports that the likelihood of success of the appellant in *Tims* and *Marion* is extremely low. A federal district court is only bound to follow—or reasonably predict—the decisions of Illinois' highest court, not await decisions of the Illinois Appellate Court. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004). This Court has already indicated support of a five-year statute of limitations relative to Plaintiff's claims in *Meegan*.

Defendant has failed to meet its burden for a stay. The party moving for the stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Radio Corp. of America v. Igoe*, 217 F.2d 218, 220 (7th Cir.1955) ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."). Therefore, in determining whether a stay should be granted, the Court may consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (ii) whether a stay will simplify the issues in question and streamline the trial; and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer v. Apotex, Inc.,* 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). Defendant has failed to make a sufficient showing for a stay.

A. **The "Accrual" Issue Is Likely of Minimal Relevance in this Case and the Statute of Limitations Appeals Will Not Streamline this Litigation**

Defendant requests a stay pending the Seventh Circuit appeal in *In Re: White Castle System, Inc.*, which may determine when a BIPA claim accrues. But if a five-year statute of limitations period applies to BIPA claims then the accrual issue will not be in play in this lawsuit. The accrual issue would only be relevant if a shorter limitations period applies. Thus, Defendant's request for a stay based on the accrual issue is premature. Moreover, the accrual date does not particularly relevant to this case.

The statute of limitations is a fact-intensive affirmative defense. Discovery should proceed so that the parties can exchange information relevant to the statute of limitations—even Plaintiff's dates of employment is an unsettled issue.

                                                               Respectfully submitted,

Dated: January 28, 2021                  /s/ Mara Baltabols
                                                               One of Plaintiff's Attorneys

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on January 28, 2021, the foregoing was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Mara Baltabols
One of Plaintiff's Attorneys