IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC D. REDMOND, | ) | |
| Individually and on behalf all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-6809 |
| | ) | |
| v. | ) | |
| | ) | |
| FQSR LLC d/b/a KBP FOODS, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION OF CLASS ACTION SETTLEMENT

This Stipulation of Class Action Settlement is entered into by and among Plaintiff Cedric Redmond ("Redmond" or "Plaintiff"), for himself individually and on behalf of the Settlement Class, and Defendant FQSR LLC dba KBP Foods ("FQSR" or "Defendant") (Plaintiff and Defendant are referred to individually as a "Party" and collectively referred to as the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the terms and conditions hereof, and is subject to the approval of the Court.

## RECITALS

A.      On October 8, 2020, Plaintiff filed a putative class action complaint against Defendant in the Circuit Court of Cook County, Illinois, alleging a claim for damages and an injunction under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"), related to the alleged unauthorized collection, storage, and dissemination of his fingerprint data.

B.      Defendant removed the case to this Court on November 17, 2020. (Dkt. 1).

C.      On December 29, 2020, Defendant filed a motion to dismiss asserting that Plaintiff's claims were barred by the one-year statute of limitations applicable to privacy claims.

1

DocuSign Envelope ID: 4BD44063-B4FD-4904-5BAC-B04F1CA8D947

(Dkt. 14.)

D.      On December 29, 2020, Defendant also filed a Motion to Stay Proceedings on the basis that there were several outstanding appeals that were potentially dispositive of this litigation. (Dkt. 15.)

E.      On June 11, 2021, the Court entered an Order staying the case pending several pending appeals.   (Dkt. 20.)

F.      On February 21, 2023, the Court ordered the Defendant to Answer the pending Complaint.  (Dkt. 42.)

G.      Class Counsel conducted a comprehensive examination of the law and facts relating to the allegations in the Complaint and Defendant's potential defenses. Plaintiff believes that each claim asserted in the Action has merit, that he would have ultimately succeeded in obtaining adversarial certification of the proposed Settlement Class, and that he would have prevailed on the merits at summary judgment or at trial. But Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses in the Action that presented a risk that Plaintiff may not prevail and/or that a Class might not be certified for trial. Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulty and delay inherent in such litigation. Plaintiff and Class Counsel believe that this Agreement presents an excellent result for the Settlement Class, and one that will be provided to the Settlement Class without delay. Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant to the terms and conditions set forth in this Settlement Agreement.

FP 47258045.4

DocuSign Envelope ID: 4BD44063-B4FD-4904-BBA6-B04F1CA8D947

H.      Defendant denies all allegations of wrongdoing and liability and denies all material allegations in the Complaint, but has similarly concluded that this Settlement Agreement is desirable to avoid the time, risk, and expense of defending protracted litigation, and to avoid the substantial risk posed by the Settlement Class's claims for liquidated damages. Defendant thus desires to resolve finally and completely the pending and potential claims of Plaintiff and the Settlement Class.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and Defendant that, subject to the Court's approval after a hearing as provided for in this Settlement Agreement, and in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Settlement Agreement.

## **AGREEMENT**

### 1. DEFINITIONS

As used herein, in addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms shall have the meanings set forth below:

1.1      **"Action"** means the case captioned *Cedric Redmond v. FQSR LLC* Case No. 20-cv-06809 (N.D. Ill.).

1.2      "**Agreement**" or "**Settlement Agreement**" means this Stipulation of Class Action Settlement.

1.3      "**Class Counsel**" means attorneys David Fish and Mara Baltabols of Fish Potter Bolaños PC.

**1.4      "Class Period"** means October 8, 2015 through the date of preliminary approval.

FP 47258045.4

DocuSign Envelope ID: 4BD44063-B4FD-4904-BBA6-B04F1CA8D947

1.5 "**Class Representative**" means the named Plaintiff in the Action, Cedric Redmond.

1.6 "**Court**" means the United States District Court for the Northern District of Illinois, Eastern Division.

1.7 "**Defendant**" or "**FQSR**" means FQSR LLC doing business as KBP Foods.

1.8 "**Defendant's Counsel" or "FQSR's Counsel**" means attorneys Joel Rice and Franklin Wolf of Fisher & Phillips LLP.

1.9 "**Effective Date**" means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Judgment; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Final Judgment.

1.10 "**Escrow Account**" means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to Class Counsel and Defendant at a depository institution insured by the Federal Deposit Insurance Corporation. The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (a) demand deposit accounts and/or (b) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. Any interest earned on the Escrow Account shall inure to the benefit of the Settlement Class as part of the

DocuSign Envelope ID: 4BD44063-B4FD-4904-BBA6-B04F1CA8D947

Settlement Payment, if practicable. The Settlement Administrator shall be responsible for all tax filings with respect to the Escrow Account.

1.11    "**Fee Award**" means the amount of attorneys' fees and reimbursement of costs to Class Counsel by the Court to be paid out of the Settlement Fund.

1.12    "**Final Approval Hearing**" means the hearing before the Court where the Plaintiff will request that the Final Judgment be entered by the Court finally approving the Settlement as fair, reasonable and adequate, and approving the Fee Award and the incentive award to the Class Representative.

1.13    "**Final Judgment**" means the final judgment to be entered by the Court approving the settlement of the Action in accordance with this Settlement Agreement after the Final Approval Hearing.

1.14    "**Notice**" means the notice of this proposed Settlement and Final Approval Hearing, which is to be disseminated to the Settlement Class substantially in the manner set forth in this Settlement Agreement, fulfills the requirements of Due Process and Federal Rule of Civil Procedure 23, and is substantially in the form of Exhibit A attached hereto.

1.15    "**Notice Date**" means the date by which the Notice is disseminated to the Settlement Class, which shall be a date no later than twenty-eight (28) days after entry of Preliminary Approval.

1.16    "**Objection/Exclusion Deadline**" means the date by which a written objection to the Settlement Agreement or a request for exclusion submitted by a person within the Settlement Class must be filed with the Court and/or postmarked, which shall be designated as a date forty-two (42) days after the Notice Date, as approved by the Court. The Objection/Exclusion Deadline will be set forth in the Notice.

FP 47258045.4

DocuSign Envelope ID: 4BD44063-B4FD-4904-BBA5-B04F1CA8D947

1.17　　"**Plaintiff**" means Cedric Redmond.

1.18　　"**Preliminary Approval**" means the Court's Order preliminarily approving the Agreement, certifying the Settlement Class for settlement purposes, and approving the form and manner of the Notice.

1.19　　"**Released Claims**" means any and all claims that Defendant captured, collected, obtained, purchased, stored, possessed, used, sold, leased, traded, profited from, transferred, or disclosed Class Members' biometric identifiers and/or biometric information, including but not limited to claims arising under the Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*, and any other related state, local, or federal law, regulation, ordinance, or common law, as well as related claims for loss, damages, statutory damages, liquidated damages, penalties, attorneys' fees and costs, expenses, and interest.

1.20　　"**Released Parties**" means Defendant and its current and former owners, affiliates, parents, subsidiaries, divisions, insurers, officers, directors, shareholders, agents, employees, attorneys, reinsurers, benefit plans, predecessors, and successors.

1.21　　"**Releasing Parties**" means Plaintiff and Settlement Class Members and their respective present or past heirs, executors, estates, administrators, assigns, agents, consultants, independent contractors, insurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities.

1.22　　"**Settlement Administration Expenses**" means the expenses reasonably incurred by the Settlement Administrator in or relating to administering the Settlement, providing Notice, mailing checks for Settlement Payments, other such related expenses, with all such expenses to be paid from the Settlement Fund.

FP 47258045.4

DocuSign Envelope ID: 4BD44063-B4FD-4904-BBA5-B04F1CA8D947

1.23    "**Settlement Administrator**" means Analytics Consulting LLC, subject to approval of the Court, which will provide the Notice and sending of Settlement Payments to Settlement Class Members.

1.24    "**Settlement Class**" means all individuals who used Defendant's timekeeping technology which utilized a scan of individuals' hands and/or fingers or anything that allegedly could be covered as biometric identifiers or biometric information under the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*, in the State of Illinois during the Class Period, who do not timely exclude themselves from the Settlement, are one of the individuals who appear on the Class List, and who did not agree to an arbitration agreement with Defendant.

1.25    "**Settlement Class Member**" or "**Class Member**" means a person who falls within the definition of the Settlement Class and who does not submit a valid request for exclusion from the Settlement Class.

1.26    "**Settlement Fund**" means the amount paid by Defendant into the Escrow Account which shall be $3,452,300.  This amount is based upon $1,150 per Class Member and assumes a class size of 3,002.   The Gross Settlement Amount shall represent the maximum extent of Defendant's monetary obligations except that in the event  the class size increases, then the Gross Settlement Amount shall increase proportionately, *i.e.*, if 10 additional class members exist, the Gross Settlement Amount shall increase by $11,500.  The Gross Settlement Amount includes all potential monies to be paid by Defendant in connection with the Settlement, including, without limitation, all incentive awards, attorneys' fees, costs and expenses, interest, statutory and liquidated damages, penalties, and all costs of administration and notice.  Pursuant to the terms herein, Defendant shall fund the Settlement Fund  Escrow Account within twenty-one (21) days of the Final Approval Hearing, provided the Court grants final approval.

FP 47258045.4

DocuSign Envelope ID: 4BD44063-B4FD-4904-BBA6-B04F1CA8D947

1.27    "**Settlement Payment**" means a *pro rata* portion of the Settlement Fund after Notice and administration costs, the Fee Award, and the incentive award are deducted.

1.28    "**Unknown Claims**" means claims that could have been raised in the Action and that Plaintiff, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, to object or not to object to the Settlement. Upon the Effective Date, Plaintiff, the Settlement Class, and the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Plaintiff, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Section.

## 2.  SETTLEMENT RELIEF

DocuSign Envelope ID: 4BD44063-B4FD-4904-BBA6-B04F1CA8D947

2.1    **Settlement Payments to Settlement Class Members**.

a.    The Settlement Administrator shall send each Settlement Class Member a Settlement Payment by check from the Settlement Fund within twenty-eight (28) days of the Effective Date via First Class U.S. Mail to their last known mailing address, as updated through the NCOA database by the Settlement Administrator. No claims procedure will be required. If a check is not received by a Class Member, the Settlement Administrator may make one attempt to issue that person a new check. Defendant shall provide the last known name and address number for each member of the Settlement Class.

b.    All Settlement Payments will state on the face of the check that the check will expire and become null and void unless cashed within 120 days after the date of issuance.

c.    To the extent that a check issued to a Settlement Class Member is not cashed within 120 days after the date of issuance, the check will be void, and such funds shall be returned to Defendant.

2.2    **Prospective Relief.** Defendant agrees that, on or before the Effective Date, it shall implement the following policies and procedures should Defendant again adopt a timekeeping system that collects and/or retains fingerprints or any information based on fingerprints (herein, "fingerprint data") or revert to using the same timekeeping system that gave rise to the Action for its Illinois employees or independent contractors:

a.    Defendant shall establish a written policy, made available to the public, creating a retention schedule and guidelines for permanently destroying any fingerprints or any information based on fingerprints (collectively referred to herein as "fingerprint

FP 47258045.4

DocuSign Envelope ID: 4BD44063-B4FD-4901-BBAC-B04F1CA8D947

data"), when the initial purpose for collecting or obtaining such fingerprint data has been satisfied or within three (3) years of the individual's last interaction with Defendant, whichever occurs first;

      b.     Defendant shall destroy all fingerprint data of former employees and former independent contractors within its possession, except where otherwise provided by law;

      c.     Defendant shall inform in writing all persons whose fingerprint data it collects that (i) fingerprint data is being collected or stored; and (ii) of the specific purpose and length of term for which the fingerprint data is being collected, stored, or used; and

      d.     Defendant shall obtain a written release (as "written release" is defined in the Illinois Biometric Information Privacy Act), from all persons whose fingerprint data it collects, captures, purchases, receives through trade, or otherwise obtains, to collect those persons' fingerprint data.

## 3. RELEASE

3.1    **The Release.** Upon the Effective Date, and in consideration of the settlement relief described herein, the Releasing Parties, and each of them, shall be deemed to have released, and by operation of the Final Judgment shall have, fully, finally, and forever, released, relinquished and discharged all Released Claims against each and every one of the Released Parties.

## 4. NOTICE TO THE CLASS

4.1    The Notice shall include:

FP 47258045.4

DocuSign Envelope ID: 4BD44063-B4FD-4991-BBAC-B04E1CA8D947

a. *Class List*. Defendant shall provide a list of all names and last known U.S. mail addresses of all persons in the Settlement Class (the "Class List") as soon as practicable, but by no later than twenty-one (21) days after the execution of this Agreement by all of the parties. The Settlement Administrator shall keep the Class List and all personal information obtained therefrom strictly confidential. The Class List may not be used by the Settlement Administrator for any purpose other than  mailing Settlement Payments, and otherwise effectuating the terms of the Settlement Agreement or the duties arising thereunder, including the provision of Notice of the Settlement.

b. *Direct Notice.*  No later than the Notice Date, the Settlement Administrator shall send Class Members direct notice via U.S. mail. The addresses used to send direct notice shall be derived from Defendant's records and information available to the Settlement Administrator, including the National Change of Address Database ("NCOA"), and the last known address for each putative class member will be used. Notice and administration costs will be paid from the Settlement Fund. Defendant shall provide the last known name and address number for each member of the Settlement Class.

4.2 **Right to Object or Comment.** Any Settlement Class Member who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must include: (a) the Settlement Class Member's full name and current address, (b) a statement that he or she believes himself or herself to be a member of the Settlement Class, (c) the specific grounds for the objection, (d) all documents or writings that the Settlement Class Member desires the Court to consider, (e) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection

11

DocuSign Envelope ID: 4BD44063-B4FD-4991-BBAC-B04F1CA8D947

with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (f) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). All written objections must be filed with the Court and postmarked, e-mailed or delivered to Class Counsel and Defendant's Counsel no later than the Objection/Exclusion Deadline. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

4.3     **Right to Request Exclusion.** Any person in the Settlement Class may submit a request for exclusion from the Settlement on or before the Objection/Exclusion Deadline. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name*;* (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be physically signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. Each request for exclusion must also contain a statement to the effect that "I/We hereby request to be excluded from the proposed Settlement Class in *Redmond v. FQSR LLC dba KBP Foods*, 2020CV6809 (N.D. Illinois)." A request for exclusion that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked or

FP 47258045.4

DocuSign Envelope ID: 4BD44063-B4FD-4991-BBAC-B04F1CA8D947

delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by this Settlement Agreement, if approved. Any person who elects to request exclusion from the Settlement Class shall not (a) be bound by any orders or Final Judgment entered in the Action, (b) receive a Settlement Payment under this Settlement Agreement, (c) gain any rights by virtue of this Settlement Agreement, or (d) be entitled to object to any aspect of this Settlement Agreement. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

4.4     **Right to Withdraw from Settlement.** In the event that more than two percent (2%) of persons in the Settlement Class validly request exclusion from the Settlement on or before the Objection/Exclusion Deadline, Defendant shall, at its sole discretion, have ten (10) business days following notice of the same to declare the Settlement Agreement void or to reopen negotiations as to the terms of the Settlement.

## 5.   SETTLEMENT ADMINISTRATION

5.1     **Settlement Administrator's Duties.**

a.     *Dissemination of Notices.* The Settlement Administrator shall disseminate the Notice as provided in Section 4 of this Settlement Agreement.

b.     *Maintenance of Records.* The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon

DocuSign Envelope ID: 4BD44063-B4FD-4991-BBAC-B04E1CA8D947

request, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration and implementation of the Settlement.

   c. *Receipt of Requests for Exclusion.* The Settlement Administrator shall receive requests for exclusion from Persons in the Settlement Class and provide to Class Counsel and Defendant's Counsel a copy thereof within five (5) days of the Objection/Exclusion Deadline. If the Settlement Administrator receives any requests for exclusion or other requests from Settlement Class Members after the deadline for the submission of requests for exclusion, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel.

   e. *Timing of Settlement Payments.* The Settlement Administrator shall make all Settlement Payments contemplated in Section 2 of this Settlement Agreement by check and mail them to Settlement Class Members within twenty-eight (28) days after the Effective Date.

## 6.  PRELIMINARY APPROVAL AND FINAL APPROVAL

  6.1 **Preliminary Approval.** Promptly after execution of this Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court and shall move the Court to enter an order granting Preliminary Approval, which shall include, among other provisions, a request that the Court:

   a. Appoint Plaintiff as Class Representative of the Settlement Class;

   b. Appoint Class Counsel to represent the Settlement Class;

   c. Certify the Settlement Class under Federal Rule of Civil Procedure 23, for settlement purposes only;

      d.      Preliminarily approve this Settlement Agreement for purposes of disseminating Notice to the Settlement Class;

      e.      Approve the form and contents of the Notice and the method of its dissemination to members of the Settlement Class; and

      f.      Schedule a Final Approval Hearing to review comments and/or objections regarding this Settlement Agreement, to consider its fairness, reasonableness and adequacy, to consider whether the Court shall issue a Final Judgment approving this Settlement Agreement, to consider Class Counsel's application for the Fee Award and the incentive award to the Class Representative, and dismissing the Action with prejudice.

6.2    **Final Approval.** After Notice to the Settlement Class is given, Class Counsel shall move the Court for entry of a Final Judgment, which shall include, among other provisions, a request that the Court:

      a.      find that it has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached Exhibits;

      b.      approve the Settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement according to its terms and conditions; and declare the Settlement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties;

      c.      find that the Notice implemented pursuant to the Settlement Agreement (1) constitutes the best practicable notice under the circumstances, (2) constitutes notice

that is reasonably calculated, under the circumstances, to apprise the Settlement Class of

the pendency of the Action and their rights to object to or exclude themselves from this

Settlement Agreement and to appear at the Final Approval Hearing, (3) is reasonable and

constitutes due, adequate and sufficient notice to all persons entitled to receive notice,

and (4) fulfills the requirements of the Federal Rules of Civil Procedure, the Due Process

Clause of the United States Constitution and the rules of the Court;

    d.      find that the Class Representative and Class Counsel adequately

represented the Settlement Class for purposes of entering into and implementing the

Settlement Agreement;

    e.      dismiss the Action on the merits and with prejudice, without fees or costs

to any Party except as provided in this Settlement Agreement;

    f.      incorporate the Release set forth above, make the Release effective as of

the Effective Date, and forever discharge the Released Parties as set forth herein;

    g.      permanently bar and enjoin all Settlement Class Members who have not

been properly excluded from the Settlement Class from filing, commencing, prosecuting,

intervening in, or participating (as class members or otherwise) in any lawsuit or other

action in any jurisdiction based on the Released Claims;

    h.      authorize the Parties, without further approval from the Court, to agree to

and adopt such amendments, modifications and expansions of the Settlement and its

implementing documents (including all Exhibits to this Settlement Agreement) that

(i) shall be consistent in all material respects with the Final Judgment, and (ii) do not

limit the rights of Settlement Class Members; and

    i.      without affecting the finality of the Final Judgment for purposes of appeal,

DocuSign Envelope ID: 4BD44063-B4FD-4901-BBAC-B04E1CA8D947

retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose.

6.3 **Cooperation.** The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of this Settlement Agreement.

## 7. TERMINATION OF THE SETTLEMENT AGREEMENT

7.1 **Termination.** Subject to Paragraph 9 below, the Class Representative, on behalf of the Settlement Class, or Defendant, shall have the right to terminate this Agreement by providing written notice of the election to do so to all other Parties hereto within ten (10) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant Final Approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1 of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

## 8. INCENTIVE AWARD AND CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

8.1 Defendant agrees that Class Counsel is entitled to reasonable attorneys' fees and unreimbursed expenses incurred in the Action as the Fee Award. The amount of the Fee Award shall be determined by the Court based on petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendant, to limit their request for attorneys' fees to one third of the Settlement Fund plus unreimbursed costs. Payment of the Fee Award shall be made

FP 47258045.4

DocuSign Envelope ID: 4BD44063-B4FD-4984-BBAC-B04F1CA8D947

from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Settlement Fund and be distributed to Settlement Class Members as Settlement Payments.

8.2     Class Counsel shall be paid the Fee Award within ten (10) business days after the Effective Date, in an amount determined by the Court, from the Settlement Fund. Payment of the Fee Award shall be made via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

8.3     Defendant agrees that the Class Representative shall be paid an incentive award in the amount of Five Thousand Dollars ($5,000.00) from the Settlement Fund, in addition to any Settlement Payment pursuant to this Settlement Agreement and in recognition of his efforts on behalf of the Settlement Class, subject to Court approval. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Escrow Account and be distributed to Settlement Class Members as Settlement Payments. Any award shall be paid from the Escrow Account (in the form of a check to the Class Representative that is sent care of Class Counsel) within ten (10) business days after the Effective Date.

## 9.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.

9.1     The Effective Date shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs:

        a.     This Agreement has been signed by the Parties, Class Counsel and Defendant's Counsel;

18

DocuSign Envelope ID: 4BD44063-B4FD-4981-BBAC-B04E1CA8D947

      b.      The Court has entered an order granting Preliminary Approval of the Agreement;

      c.      The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment substantially consistent with this Settlement Agreement that has become final and unappealable; and

      d.      In the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") to which the Parties have consented, that Alternative Judgment has become final and unappealable.

9.2      If some or all of the conditions specified in Section 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Agreement shall be canceled and terminated subject to Section 9.3, unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Settlement Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Settlement Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Fee Award to Class Counsel set forth above or the incentive award to the Class Representative, regardless of the amounts awarded, shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

9.3      If this Settlement Agreement is terminated or fails to become effective for the reasons set forth above, the Parties shall be restored to their respective positions in the Action as

19

of the date of the signing of this Agreement. In such event, any Final Judgment or other order

entered by the Court in accordance with the terms of this Agreement shall be treated as vacated,

*nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action

as if this Settlement Agreement had never been entered into.

**10.     MISCELLANEOUS PROVISIONS.**

10.1     Defendant represents that there are 3,002 Settlement Class Members.

10.2     The Parties: (a) acknowledge that it is their intent to consummate this Agreement;

and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent

reasonably necessary to effectuate and implement all terms and conditions of this Agreement and

to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this

Settlement Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one

another in seeking entry of an order granting Preliminary Approval of this Agreement and the

Final Judgment, and promptly to agree upon and execute all such other documentation as may be

reasonably required to obtain final approval of the Settlement Agreement.

10.3     Each signatory to this Agreement represents and warrants (a) that he, she, or it has

all requisite power and authority to execute, deliver and perform this Settlement Agreement and

to consummate the transactions contemplated herein, (b) that the execution, delivery and

performance of this Settlement Agreement and the consummation by it of the actions

contemplated herein have been duly authorized by all necessary corporate action on the part of

each signatory, and (c) that this Settlement Agreement has been duly and validly executed and

delivered by each signatory and constitutes its legal, valid and binding obligation.

10.4     The Parties intend this Settlement Agreement to be a final and complete

resolution of all disputes between them with respect to the Released Claims by Plaintiff and the

DocuSign Envelope ID: 4BD44063-B4FD-4991-BBAC-B04E1CA8D947

Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

10.5    The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

10.6    Whether the Effective Date occurs or this Settlement is terminated, neither this Settlement Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the settlement:

a.      is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

b.      is, may be deemed, or shall be used, offered or received against Defendant as, an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

FP 47258045.4

DocuSign Envelope ID: 4BD44063-B4FD-4991-BBAC-B04E1CA8D947

      c.      is, may be deemed, or shall be used, offered or received against Plaintiff or the Settlement Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

      d.      is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Settlement Agreement. Moreover, if this Settlement Agreement is approved by the Court, any party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment in any action that may be brought against such party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

      e.      is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder

FP 47258045.4

DocuSign Envelope ID: 4BD44063-B4FD-4984-BBAC-B04E1CA8D947

represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

    f.  is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

    10.7  The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

    10.8  The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Agreement.

    10.9  All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

    10.10  This Settlement Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

    10.11  Except as otherwise provided herein, each Party shall bear its own attorneys' fees

and costs incurred in any way related to the Action.

10.12   Plaintiff represents and warrants that he has not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other Person or party and that he is fully entitled to release the same.

10.13   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

10.14   This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Settlement Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.15   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

10.16   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without reference to the conflicts of laws provisions thereof.

10.17   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have

contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

10.18   Public Comments:   The Parties agree to respond to any and all media inquiries regarding the Settlement Agreement, once the Settlement is made public by the filing of a motion for preliminary approval of the Settlement Agreement, in the following manner:  "The Parties agreed to settle the litigation, without any admission or determination of liability, to avoid further costs and expenses and have no further comment." Plaintiff's counsel agrees that his firm will not issue any press releases or otherwise publicize the Settlement to the media or other third parties. Plaintiff's counsel further agrees that his firm will not disclose the terms of the Settlement on the firm's website. Plaintiff shall not disclose the terms of the Settlement to any third parties apart from immediate family and financial advisors. For avoidance of doubt, this paragraph is not violated by the public filing of the Settlement Agreement with the court in connection with the settlement approval process.

10.19   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel.

 [SIGNATURES APPEAR ON FOLLOWING PAGE]

**CEDRIC REDMOND**

06/12/2023 22:19 UTC

Dated: _____

By (signature): _____  *Cedric Redmond*

Name (printed): _____  Cedric Redmond


**FQSR LLC**

6/21/2023

Dated: _____

By (signature): _____

Name (printed): _____  Ben Johnson

Its (title): _____  Chief Legal Officer

26

DocuSign Envelope ID: 4BD44063-B4FD-4904-BBAC-B04E1CA8D947

# Exhibit A

## Class Notice

FP 47258045.4

DocuSign Envelope ID: 4BD44063-B4FD-4991-BBAC-B04E1CA8D947

## NOTICE OF CLASS ACTION SETTLEMENT
### _Redmond v. FQSR LLC dba KBP Foods_, **2020CV6809**
Case No. 2020-cv-6809

The United States District Court for the Northern District of Illinois preliminarily approved a class action settlement in the case _Redmond v. FQSR LLC dba KBP Foods_, 2020-CV-6809 (the "Lawsuit"). You are receiving this notice because records show that you worked at FQSR LLC doing business as KBP Foods ("KBP") during the time period covered by the lawsuit and are a class member. While KBP does not admit liability or fault, KBP has agreed to settle the Lawsuit. This notice explains your options. You may: (1) do nothing and get a settlement payment; (2) exclude yourself from the settlement and not receive a settlement payment; or (3) object to the settlement. Before any money is paid, the Court will decide whether to grant final approval of the settlement.

### What Is this Lawsuit About?

The Lawsuit alleges that KBP violated the Illinois Biometric Information Privacy Act ("BIPA") by requiring employees to use a fingertip scanning feature at any KBP location in the state of Illinois that allegedly collected, stored, and transferred their biometric data without following the notice and consent requirements of BIPA. KBP has denied all liability and wrongdoing. Both sides agreed to the settlement to resolve the case. The Court did not decide whether KBP violated the law. You can learn more about the Lawsuit or review the Settlement Agreement by contacting the settlement administrator.

### Who Is Included in the Settlement?

The settlement includes all individuals who used KBP's timekeeping technology which utilized a scan of individuals' hands and/or fingers or anything that allegedly could be covered as biometric identifiers or biometric information under the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 _et seq._, in the State of Illinois during the period from October 8, 2015 until [insert date of preliminary approval], who do not timely exclude themselves from the Settlement, are one of the  individuals who appear on the Class List, and who did not agree to an arbitration agreement with Defendant.   ("Settlement Class").

### What does the Settlement Provide?

The parties estimate that KBP will make a Settlement Fund available for distribution to Settlement Class Members. The Net Settlement Amount is the Settlement Fund, minus the following deductions, which are subject to Court approval: the Settlement Administrator's costs; the incentive award for the Class Representative, and up to one-third of the Settlement Fund as Class Counsel's attorneys' fees plus costs. Your estimated recovery in this settlement is approximately $750.00 but could be more or less. Your recovery was calculated by dividing the Net Settlement Amount equally among the Settlement Class.

### What Will You Give Up If You Participate in the Settlement?

Unless you exclude yourself from the settlement as explained below, you will release KBP and its current and former owners, affiliates, parents, subsidiaries, divisions, insurers, officers, directors,

DocuSign Envelope ID: 4BD44063-B4FD-4984-BBAC-B04E1CA8D947

shareholders, agents, employees, attorneys, reinsurers, benefit plans, predecessors, and successors("Released Parties") from all Released Claims. "Released Claims" means all claims that KBP captured, collected, obtained, purchased, stored, possessed, used, sold, leased, traded, profited from, transferred, or disclosed Class Members' biometric identifiers and/or biometric information, including but not limited to claims arising under the Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*, and any other related state, local, or federal law, regulation, ordinance, or common law, as well as related claims for loss, damages, statutory damages, liquidated damages, penalties, attorneys' fees and costs, expenses, and interest.

## What Are Your Options?

(1) If you want to participate in the settlement and receive a settlement payment, do nothing. A check will be mailed to you if the Court grants final approval of the settlement, and all conditions for issuance of payment are satisfied.

(2) If you <u>do not</u> want to be legally bound by the settlement, you must exclude yourself by [**Objection/Opt-Out Deadline)**]. To be valid, any request for exclusion must: (a) be in writing; (b) identify the case name and number; (c) state your full name and current address; (d) be physically signed by you; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Opt-Out Deadline. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Redmond v. FQSR LLC dba KBP Foods*, 2020CV6809." If you exclude yourself, you will <u>not</u> receive money from this settlement.

(3) You may object to the settlement by [**DATE**] if you have not already excluded yourself from the settlement. To do so, you must present the following information in a statement signed by you: (a) your full name and current address; (b) a statement that you believe yourself to be a member of the Settlement Class; (c) the specific grounds for the objection; (d) all documents or writings that you desire the Court to consider; (e) the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (f) a statement indicating whether you intend to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). All written objections must be filed with the Court and be postmarked, e-mailed or delivered to Class Counsel and Defendant's Counsel no later than the Objection/Opt-Out Deadline.

## Who Are My Lawyers?

The Court has appointed the following attorneys to represent the Settlement Class. You will not be charged for these lawyers because they will be paid from the Settlement Fund. If you want to be represented by your own lawyer instead, you may hire one at your own expense.

David Fish/ Mara Baltabols
Fish Potter Bolaños, P.C.
111 East Wacker Dr. Suite 2300, Chicago, IL 60601
www.fishlawfirm.com

### Who Is the Settlement Administrator and How do I update my Contact Information?

The Settlement Administrator is identified below. You must notify the Settlement Administrator (contact information below) of any changes in your mailing address so that your settlement payment will be sent to the correct address.

### When is the Final Approval Hearing?

The Court will hold a hearing in this case on [FINAL APPROVAL HEARING DATE], in Courtroom _____ of the _____s at __:__ a.m./p.m., to consider, among other things: (1) whether to grant final approval of the settlement; (2) a request by the lawyers representing class members for an award of one-third of the Settlement Fund as attorneys' fees plus costs; (3) a request for an incentive award for the Class Representative from the Settlement Fund in recognition of her work in recovering money for the Settlement Class; and (4) a request for costs to the Settlement Administrator from the Settlement Fund for its work administering the settlement. You may appear at the hearing, but you are not required to do so.

DocuSign Envelope ID: 4BD44063-B4FD-4994-BBAC-B04E1CA8D947

# Exhibit B

# Preliminary Approval Order

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC D. REDMOND, | ) | |
| Individually and on behalf all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-6809 |
| | ) | |
| v. | ) | |
| | ) | |
| FQSR LLC d/b/a KBP FOODS, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>PRELIMINARY APPROVAL ORDER</u>

This matter having come before the Court on Plaintiff's Unopposed Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff Cedric Redmond ("Plaintiff"), and FQSR LLC d/b/a KBP Foods ("Defendant") (collectively, "the Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiff and Defendant (the "Settlement Agreement"), and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises, IT IS HEREBY ORDERED, as follows:

1.      Capitalized terms not defined in this Order are defined in the Parties' Settlement Agreement.

2.      The Court finds, on a preliminary basis, that the Settlement is fair, reasonable, and adequate.

3.      The Settlement Agreement was negotiated at arm's-length between counsel for the Parties who are experienced in class action litigation.

DocuSign Envelope ID: 4BD44063-B4FD-4981-BBAC-B04F1CA8D947

4.      The Court finds, on a preliminary basis, that Class Counsel has adequately represented the proposed Class Members.

5.      For settlement purposes only, the Court certifies a Settlement Class defined as follows:

> all individuals who used Defendant's timekeeping technology which utilized a scan of individuals' hands and/or fingers or anything that allegedly could be covered as biometric identifiers or biometric information under the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*, in the State of Illinois during the Class Period, who do not timely exclude themselves from the Settlement, are one of the individuals who appear on the Class List, and who did not agree to an arbitration agreement with Defendant.

Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families, (2) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (3) the legal representatives, successors or assigns of any such excluded persons.

6.      The Court finds that distribution of the Notice to the proposed Class Members is justified because Plaintiff has shown that the Court will likely be able to (i) approve the Settlement under Rule 23(e)(2) and (ii) certify the proposed class for purposes of settlement.

7.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2) and is in the best interests of the Settlement Class set forth above. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including

DocuSign Envelope ID: 4BD44063-B4FD-4991-BBAC-B04F1CA8D947

Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

8.      For settlement purposes only, the Court appoints Plaintiff as the Class Representative.

9.      For settlement purposes only, the Court appoints as Class Counsel: David Fish Mara Baltabols, Fish Potter Bolaños, P.C.

10.     The Court appoints _____ as the Settlement Administrator to perform all duties described in the Settlement Agreement and ordered by this Court.

11.     The Court finds that distribution of the proposed Notice of Class Action Settlement ("Notice") by mail is the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, and other applicable laws. The proposed Notice is accurate, objective, and informative. It provides Class Members with all of the information necessary to evaluate the fairness of the Settlement and to make an informed decision regarding whether to participate in the Settlement.

12.     Any Settlement Class Member may request to be excluded from the Settlement by submitting a written request for exclusion to the Settlement Administrator as described in the Notice by [insert 42 days from Notice Date].

13.     Any Settlement Class Member who excludes himself or herself from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal, or comment on it.

DocuSign Envelope ID: 4BD44063-B4FD-4991-BBAC-B04E1CA8D947

14.     Any Class Member who does not request to be excluded from the Settlement may object to the Settlement by submitting a written statement to the Settlement Administrator as described in the Notice by _____[insert 42 days from Notice Date].

15.     Settlement Class Counsel shall file a motion for attorney fees, litigation costs, settlement administration costs, and the Class Representative's Service Award ("Fee Petition") no later than _____.

16.     Settlement Class Counsel shall file a motion for final approval of the Settlement no later than _____. The motion for final approval shall include copies of any objections submitted and identify any Settlement Class Members who have requested to be excluded from the Settlement.

17.     The Court schedules a Final Approval Hearing for **_____, 2023 at 9:15 a.m.** in Courtroom 1812 of the Everette McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, to be held via phone conference or other remote means, unless otherwise ordered by the Court, to consider, among other things, (1) whether to finally approve the Settlement; (2) whether to approve Class Counsel's request for attorney fees and litigation costs; (3) whether to approve the Settlement Administrator's costs; and (4) whether to approve the Class Representative's request for an Service Award. Settlement Class Members may, but are not required to, appear at the Final Approval Hearing and request to speak in favor or against the Settlement.

18.     The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to Settlement Class Members. At or following the Final Approval Hearing, the Court may enter a Final Judgment approving the

Settlement and entering a Final Approval Order in accordance with the Settlement that adjudicates

the rights of all Settlement Class Members.

Entered: _____          _____

                                            Hon. Beth Jantz

DocuSign Envelope ID: 4BD44063-B4FD-4991-BBAC-B04E1CA8D947

# EXHIBIT C
# FINAL APPROVAL ORDER

DocuSign Envelope ID: 4BD44063-B4FD-4991-BBAC-B04E1CA8D947

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

CEDRIC D. REDMOND,               )
Individually and on behalf all others similarly   )
situated,                        )
                            )
          Plaintiff,           )     Case No. 20-cv-6809
                            )
v.                             )
                            )
FQSR LLC d/b/a KBP FOODS,        )
                            )
          Defendant.        )

## **FINAL ORDER AND JUDGMENT**

This matter having come before the Court on Plaintiff's Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff Cedric D. Redmond ("Plaintiff"), and FQSR LLC d/b/a KBP Foods ("Defendant") (collectively, "the Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiff and Defendant (the "Settlement Agreement"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED:

1.     Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2.     The Court-approved Notice of Class Action Settlement ("Notice") was distributed by the Settlement Administrator, _____, to Settlement Class Members by direct mail. The Notice and the methods of distribution satisfy due process, the requirements of Rule

12

DocuSign Envelope ID: 4BD44063-B4FD-4991-BBAC-B04E1CA8D947

23(e)(1)(B) of the Federal Rules of Civil Procedure, and constitute the best notice practicable under the circumstances.

3.      [Number] Settlement Class Members submitted objections or excluded themselves from the Settlement.

4.      The Court grants final certification of the class that the Court previously certified for settlement purposes in its Preliminary Approval Order. The Class is defined as follows:

> all individuals who used Defendant's timekeeping technology which utilized a scan of individuals' hands and/or fingers or anything that allegedly could be covered as biometric identifiers or biometric information under the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*, in the State of Illinois during the Class Period, who do not timely exclude themselves from the Settlement, are one of the individuals who appear on the Class List, and who did not agree to an arbitration agreement with Defendant.

Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families, (2) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (3) the legal representatives, successors or assigns of any such excluded persons.

5.      The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representative and Settlement Class Members' claims weighed against the Defendant's defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Settlement Fund as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties, with the assistance of a neutral mediator; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience representing parties in

13

DocuSign Envelope ID: 4BD44063-B4FD-4991-BBAC-B04E1CA8D947

complex class actions, including those involving Biometric Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

6.      The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement.

7.      The Court awards $_____ to the Settlement Administrator, _____, for its work administering the Settlement, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

8.      The Court awards Settlement Class Counsel $_____ in attorney fees and $_____ in litigation costs, which are payable from the Gross Settlement Fund as described in the Settlement Agreement.

9.      The Court awards Settlement Class Representative $5,000 as a Service Award, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

10.     This matter is dismissed with prejudice.

Entered: _____            _____

                                                           Hon. Beth Jantz

14

 🔒 **Document Completion Certificate**

| | |
|---|---|
| Document Reference | : 7b3138b2-cea0-438c-9616-9830cced0ed0 |
| Document Title | : KBP FQRS Agreement (DF) |
| Document Region | : Northern Virginia |
| Sender Name | : P.C. Fish Potter Bolanos |
| Sender Email | : admin@fishlawfirm.com |
| Total Document Pages | : 41 |
| Secondary Security | : Not Required |

Participants

1. Cedric Redmond (cedricredmond352@yahoo.com)

---

## Document History

| Timestamp | Description |
|---|---|
| 06/12/2023 17:14PM CDT | Sender downloaded document. |
| 06/12/2023 17:15PM CDT | Document sent by P.C. Fish Potter Bolanos (admin@fishlawfirm.com). |
| 06/12/2023 17:16PM CDT | Email sent to P.C. Fish Potter Bolanos (admin@fishlawfirm.com). |
| 06/12/2023 17:16PM CDT | Text to sign or approve document sent to Cedric Redmond at +117735841557. |
| 06/12/2023 17:19PM CDT | Document viewed by Cedric Redmond (cedricredmond352@yahoo.com). 98.206.139.170 Mozilla/5.0 (iPhone; CPU iPhone OS 16_5 like Mac OS X) AppleWebKit/605.1.15 (KHTML, like Gecko) Version/16.5 Mobile/15E148 Safari/604.1 |
| 06/12/2023 17:19PM CDT | Document viewed by Cedric Redmond (cedricredmond352@yahoo.com). 98.206.139.170 Mozilla/5.0 (iPhone; CPU iPhone OS 16_5 like Mac OS X) AppleWebKit/605.1.15 (KHTML, like Gecko) Version/16.5 Mobile/15E148 Safari/604.1 |
| 06/12/2023 17:19PM CDT | Cedric Redmond (cedricredmond352@yahoo.com) has agreed to terms of service and to do business electronically with P.C. Fish Potter Bolanos (admin@fishlawfirm.com). 98.206.139.170 Mozilla/5.0 (iPhone; CPU iPhone OS 16_5 like Mac OS X) AppleWebKit/605.1.15 (KHTML, like Gecko) Version/16.5 Mobile/15E148 Safari/604.1 |
| 06/12/2023 17:19PM CDT | Signed by Cedric Redmond (cedricredmond352@yahoo.com). 98.206.139.170 Mozilla/5.0 (iPhone; CPU iPhone OS 16_5 like Mac OS X) AppleWebKit/605.1.15 (KHTML, like Gecko) Version/16.5 Mobile/15E148 Safari/604.1 |
| 06/12/2023 17:19PM CDT | Document copy sent to Cedric Redmond (cedricredmond352@yahoo.com). |